507 P.2d 1025

**STATE of Utah, Plaintiff and Respondent,**

v.

**Thomas D. ROMANO, Defendant and Appellant.**

**No. 12594.**

Supreme Court of Utah.

March 16, 1973.

D. Gilbert Athay, Salt Lake Legal Defender Assn., Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Salt Lake City, for plaintiff and respondent:

Corp. (C.A. 5th, 1959), 273 F.2d 720, 80 A.L.R.2d 415.

HENRIOD, Justice:

Appeal from an auto homicide conviction case, which we deem to be frivolous. Affirmed.

Appellant's counsel seems to agree with us, but dutifully followed the interdiction of Anders v. California,[1] (by writing and filing a brief) to the effect that a lawyer, whose integrity and capabilities were unquestioned in that case, was not allowed to confess or report to an appellate court that he had no "meritorious" case. Apparently he should have said in such report that the appeal would be "frivolous,"—and what is worse, it indicated that he would not be given permission to withdraw from the case. Counsel here has followed this seemingly ridiculous course, and having done so, asks out. Under the Anders case in such event, counsel would have been entitled to such withdrawal. Counsel here, having made such useless gesture we therefore permit him to withdraw under the Anders principle, which nonetheless seems to condemn the honorable practitioner and turns the ambulance siren on for others less scrupulous.

Withal the above, counsel for appellant erred a little. He did not use the magic word "frivolous." In our opinion a letter from appellant's counsel saying he conscientiously had no argument to advance would have been more impressive and respected than a fabricated meritless brief. "Frivolous" is synonymous with "having no basis in law or fact."[2] The Anders case seems to downgrade the capabilities of lawyers and questions their intelligence.

The Anders case sticks in an honorable, capable lawyer's throat and its sanctions make it difficult to swallow a morsel difficult to stomach.

CALLISTER, Jr., C. J., and ELLETT and TUCKETT, JJ., concur.

CROCKETT, J., concurs in the result.

---

1. 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 493 (1967).

2. Webster's Third New International Dictionary.