Robert Lynn SMITH, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 18940.

United States Court of Appeals
Eighth Circuit.

Nov. 1, 1967.

James A. Cochrane, Jr., Finch, Finch, Knehans & Cochrane, Cape Girardeau, Mo., filed typewritten application to withdraw as counsel in this case. ˙

No response to such application was filed by counsel for the government.

Before MATTHES and LAY, Circuit Judges.

PER CURIAM.

This matter comes before this court on application for leave to withdraw as counsel. Appellant's trial counsel has been appointed by this court to represent him in his appeal from a conviction under Title 50, App. U.S.C.A. § 462, while wilfully and knowingly failing and neglecting to report to his draft board pursuant to the order of his board. Counsel has filed a short statement of facts and states that he has "reluctantly concluded that there is no genuine issue or legal point which can be raised upon this appeal." Counsel has filed with the court cases which he argues conclusively show that the evidence in the case was solely one of fact below and that there is no arguable point or issue in the record to support the appeal. Counsel informs the court that the appellant would like to have as much time as possible to submit on his own behalf points he feels should be considered by the court.

We feel this matter is controlled by Anders v. State of California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.

2d 811 (1963). As Mr. Justice Clark stated in *Anders:*

"The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of *amicus curiæ.* The no-merit letter and the procedure it triggers does not reach that dignity. Counsel should, and can with honor and without conflict, be of more assistance to his client and to the court. His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal."

It is apparent that counsel has made a good faith and conscientious examination of the record and it is upon this examination that he seeks permission to withdraw. However, we feel that the permission to withdraw from a direct appeal must be accompanied with a brief referring to anything in the record that might be argued on appeal, as well as a statement from counsel or the appellant as to the points the indigent chooses to raise upon appeal. Only under those circum-stances can the court decide whether the case is frivolous.

The present application is of little help to either the court or the client. The cause of advocacy is not served to read a brief filed by appellant's own counsel asserting the government's position in the case. See Harders v. State of California, 373 F.2d 839 (9 Cir. 1967); Camodeo v. United States, 387 U.S. 575, 87 S.Ct. 2070, 18 L.Ed.2d 966.

We are of the opinion that under the present status of the record appellant is entitled to counsel upon appeal and it would be of lesser value to appoint other counsel. Application for leave to withdraw is denied.