Joaquin **MARTINEZ**, Plaintiff and Appellant,

v.

Samuel W. **SMITH**, Warden, Utah State Prison, Defendant and Respondent.

No. 16393.

Supreme Court of Utah.

Oct. 24, 1979.

13. Article I, Sec. 7, Constitution of the State of Utah; Amendment 14, Constitution of the United States.

Michael E. Bulson and James R. Hasenyager of Utah Legal Services, Inc., Ogden, for plaintiff and appellant.

Robert B. Hansen, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

CROCKETT, Chief Justice:

Petitioner Joaquin Martinez appeals from the granting of State's motion to dismiss his petition in habeas corpus which challenged his detention in the state prison resulting from his plea of guilty to second degree murder and aggravated assault.[1]

Charges against petitioner arose out of an altercation at a home in Ogden wherein one Gary Osborn was stabbed to death. Petitioner was initially charged with first degree murder and aggravated kidnapping,[2] but following discussions between himself, respective counsel, and the court, the petitioner entered a plea of guilty to the charge of second degree murder and aggravated assault. Accordingly, on May 26, 1976, petitioner was sentenced to five years to life in the state prison.

On February 24, 1977, petitioner filed a pro se petition for a writ of habeas corpus with the district court. On January 12, 1979, his present attorney filed an amended petition claiming petitioner's restraint at the state prison was illegal because of improprieties in his defense.

His petition and memorandum in support thereof, makes these allegations: that attorney John Caine was appointed as his counsel; that he told Mr. Caine he was not responsible for the murder of Gary Osborn and that the co-defendant, Anthony Higareda, had confessed to it; that Mr. Caine, nonetheless, failed to interview Higareda or any other witnesses to the stabbing; that Mr. Caine told him if he did not plead guilty he might be convicted of first degree murder and be sentenced to death; and also represented to him that by entering the plea of guilty he would not only avoid the risk of capital punishment, but would be given a sodium pentothal (truth serum) test to establish his innocence and that he would be allowed a lengthy visit with his dying mother; that his wife was also induced by Mr. Caine to persuade petitioner to plead guilty; that because of the foregoing representations he was unduly influenced to enter the plea of guilty, when in fact he was innocent of the charge.

The State moved to dismiss the petition, arguing that the issues raised by it could or should have been raised on timely appeal and that habeas corpus was not available as

1. Secs. 76–5–203 and 76–5–103, U.C.A.1953, respectively.

2. Secs. 76–5–202 and 76–5–302, U.C.A.1953, respectively.

a substitute for regular appellate review.[3] Agreeing with the State's argument, the district court dismissed the petition and this appeal followed.

█ It is true that we have repeatedly declared that any claims of error or impropriety should be asserted in the regular procedure provided for on appeals and that, if that is not done, the writ of habeas corpus may not be used as a belated appeal.[4] Nevertheless, howsoever desirable it may be to adhere to the rules, the law should not be so blind and unreasoning that where an injustice has resulted the victim should be without remedy. For that reason, as indicated in the cited cases, the writ should be available in rare cases, where it appears that there is a strong likelihood that there has been such unfairness, or failure to accord due process of law, that it would be wholly unconscionable not to reexamine the conviction.[5]

By our decision herein we do not mean to be understood as suggesting or even implying that the petitioner's allegations are true. (We interpose the observation that Mr. Caine is an attorney of good repute who has had considerable practice in the field of criminal law.) But in the face of a motion to dismiss, the court should regard them as true, deny the motion, and proceed to determine the facts.

█ Considering the petition in the light of what has just been said, it is our conclusion that it warrants inquiry into and determination as to the facts alleged. It is further to be noted that if it should be determined that the facts are such that petitioner should be permitted to withdraw his plea, fairness requires that the case should revert to its status on the original charge as it was before the agreement to enter his plea of guilty.

The order of dismissal is vacated and this case is remanded to the district court for further proceedings. No costs awarded.

MAUGHAN, WILKINS, HALL and STEWART, JJ., concur.

---

3. Due to the issue presented herein, we do not address the question whether the petitioner could have appealed after his plea of guilty.

4. *Bryant v. Turner,* 19 Utah 2d 284, 431 P.2d 121 (1967); *Brown v. Turner,* 21 Utah 2d 96,

440 P.2d 968 (1968); *Gee v. Smith,* Utah, 541 P.2d 6 (1975); *Webster v. Jones,* Utah, 587 P.2d 528 (1978).

5. See *Webster v. Jones,* supra note 4, at 530.