Darrel G. HAFEN, Plaintiff
and Appellant,

v.

Lawrence MORRIS, Warden, Utah State
Prison, Defendant and Respondent.

No. 16834.

Supreme Court of Utah.

July 15, 1981.

Jo Carol Nesset-Sale, Salt Lake City, for plaintiff and appellant.

David L. Wilkinson, Craig L. Barlow, Salt Lake City, for defendant and respondent.

HOWE, Justice:

This is an appeal from an order dismissing the appellant's petition for a writ of habeas corpus.

The appellant Darrel G. Hafen was convicted of theft by deception and was sentenced to a term of one to fifteen years in the Utah State Prison. He appealed his conviction to this Court which was upheld in *State v. Hafen*, Utah, 593 P.2d 538 (1979). Thereafter, he filed a pro se petition for a writ of habeas corpus alleging that he had been denied a speedy trial and credit for time served in jail while awaiting trial. The court below dismissed that petition but thereafter granted him leave to file an amended petition.

He then filed the present petition alleging that his attorney at the trial had failed to honor his request to challenge a juror who appellant knew. Appellant also claims that his trial attorney failed to raise that issue on appeal although appellant had so requested. As a result of the above, he claims he was denied effective assistance of counsel in violation of his rights as guaranteed by the Sixth Amendment to the United States Constitution.

He appeared before the court below pro se following which appearance the lower court dismissed his petition on the ground that he had waived any right to raise the issue of the failure of his attorney to challenge the juror. The court determined that

it would not grant an evidentiary hearing on that issue since it could have been raised at appellant's trial or on appeal. He appeals asserting that the lower court erred in that denial.

This Court in *Bryant v. Turner*, 19 Utah 2d 284, 286, 431 P.2d 121, 122 (1967), and again in *Schad v. Turner*, 27 Utah 2d 345, 496 P.2d 263 (1974), emphasized that habeas corpus is not intended as a means for appellate review. We explained further, in *Brown v. Turner*, 21 Utah 2d 96, 440 P.2d 968 (1968), that "If the contention of error is something which is known or should be known to the party at the time the judgment was entered, it must be reviewed in the manner and within the time permitted by regular prescribed procedure, or the judgment becomes final and is not subject to further attack, except in some such unusual circumstances as we have mentioned above. Were it otherwise, the regular rules of procedure governing appeals and the limitations of time specified therein would be rendered impotent."

Waiver was found in *Schad v. Turner*, supra, where the petitioner in a petition for habeas corpus attempted to raise as an issue that the District Attorney had exceeded the bounds of propriety in his cross-examination of the petitioner at the trial. We there observed that since that was an issue which could have been raised on the petitioner's former appeal of his case to this Court, we would not take cognizance of it on a later petition for habeas corpus.

The above authorities are applicable to the instant case. If the appellant's counsel did in fact fail to honor his request to challenge the juror, the appellant had adequate opportunity at the trial to have made complaint to the court. Furthermore, following his conviction that issue could have been raised by him in this Court in his appeal which pended in this Court for many months. In view of his silence, the trial judge correctly ruled that he had waived any claim of error in this regard. There are not here any of the "unusual circumstances" referred to in *Bryant v. Turner*, supra.

The judgment below is affirmed.

HALL, C. J., and OAKS, J., concur.

STEWART, J., did not participate herein.

MAUGHAN, J., heard the arguments but died before the opinion was filed.