STATE of Utah, Plaintiff and Respondent,

v.

**William Harrison CLAYTON, Defendant and Appellant.**

**The STATE of Utah, Plaintiff and Respondent,**

v.

**Louis Robert WHITE, Defendant and Appellant.**

**Nos. 17140, 16996.**

Supreme Court of Utah.

Dec. 15, 1981.

---

Shelden R. Carter, Provo, for Clayton.

G. L. Fletcher, Salt Lake City, for White.

Robert B. Hansen, Atty. Gen., Salt Lake City, for plaintiff and respondent.

OAKS, Justice:

In each of these cases, counsel, who represented appellants at trial, has filed what has come to be called an Anders brief, requesting leave to withdraw from the appeal. While such matters are generally treated by minute orders, the Court has elected to publish this opinion for the guidance of the Bar in representing indigent appellants in criminal cases.

In *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the United States Supreme Court sought to clarify the responsibilities of appointed counsel who conclude that an indigent client's criminal appeal is without merit. The Court outlined the following steps, to which we have added numbers for convenience of reference:

1. The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of *amicus curiae*. The no-merit letter and the procedure it triggers do not reach that dignity. Counsel should, and can with honor and without conflict, be of more assistance to his client and to the court.

2. His role as advocate requires that he support his client's appeal to the best of his ability.

3. Of course, if counsel finds his case to be wholly frivolous, after a conscientious

examination of it, he should so advise the court and request permission to withdraw.

4. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal.

5. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses.

6. [T]he court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.

7. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires.

8. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

386 U.S. at 744, 87 S.Ct. at 1400. The foregoing statement is binding on counsel and this Court as an expression of the governing federal constitutional law. It also comports with sound and fair procedure, and we adopt it as an expression of the requirements of due process of law under Article I, § 7 of our Constitution. "The ends of justice demand that a convicted defendant have an opportunity to appeal in timely fashion . . . ." *Boggess v. Morris*, Utah, 635 P.2d 39, 41 (1981).

■ With respect to steps 2, 3, and 4 of the *Anders* requirements, counsel's brief must contain a statement of the facts, a description of the proceedings, and the citation of pertinent authorities sufficient to permit this Court to fulfill its obligation under step 6. For that same reason, unless a transcript of proceedings has been certified as part of the record, the brief must be accompanied by a stipulation describing the trial proceedings pertinent to each alleged error or by other reliable representation thereof. The brief must also certify that counsel has met the requirements of step 5, and it should incorporate, in as full detail as

appropriate, any points the indigent has raised with counsel. Because of the special nature of the Anders brief, the attorney general would not be expected to file a responsive brief, though he could elect to do so.

■ With respect to steps 6, 7, and 8, this Court will grant counsel permission to withdraw and will affirm the conviction (rather than dismiss the appeal) in criminal appeals that are found to be wholly frivolous, but will do so only when the Court is unanimous in that decision. Otherwise, the appeal must be pursued on the merits. To that end, the Court will either direct the moving counsel to submit a brief on the merits, or grant counsel leave to withdraw and appoint other counsel to pursue the appeal, as appropriate in the circumstances of the individual case.

■ In *State v. Clayton*, No. 17140, a jury convicted the appellant of auto theft and he was sentenced to 1 to 15 years. The trial proceedings were transcribed and forwarded with the record on appeal. Counsel's *Anders* brief outlines several possible appealable issues, with suitable record citations and some case authorities, but makes no representation of compliance with what we have called step 5. The jury was instructed that "the possession of property recently stolen is a circumstance tending to establish a prima facie case of guilt against the defendant and casts upon the defendant the burden of making a satisfactory explanation of his possession of the property." Defendant did not take the stand, and the jury was instructed that this fact "must not be taken as an indication of his guilt, nor should you indulge in any presumption or inference adverse to him by reason thereof." The Court is not able to find that the question counsel has raised about the appropriateness of these instructions in view of the privilege against self-incrimination is "wholly frivolous." Consequently, the indigent must be afforded the assistance of counsel to argue his appeal. Counsel's request to withdraw is denied and counsel is directed to pursue the appeal.

In *State v. White*, No. 16996, a jury convicted the appellant of aggravated robbery and he was sentenced to 5 years to life. Counsel's *Anders* brief describes appellant's desire to pursue an appeal from the court's refusal to receive particular hearsay evidence, but cites no authorities and makes no representation of compliance with what we have called step 5. Initially, the brief was not accompanied by either a transcript of record (not yet transcribed) or substitute, though a suitable stipulation of facts has now been provided. In furtherance of the defense that the robbery was committed not by defendant but by one Latham, who was also an inmate of the Salt Lake County jail, defense counsel proffered the testimony of one Thomas, also an inmate, about what Latham had told him about this robbery. Thomas' testimony was excluded as hearsay, despite counsel's contention that it came within an exception to the hearsay rule. E.g., Utah Rules of Evidence, Rule 63(10). See also, Rule 62(7). Counsel informed the trial court that Latham was not available because counsel had not been able to contact his attorney to obtain permission to talk to him. This Court is not able to find that the question raised about the appropriateness of the exclusion of this hearsay evidence in the circumstances of this case is "wholly frivolous." Consequently, the indigent must be afforded the assistance of counsel to pursue his appeal. Counsel's request to withdraw is granted, and substitute counsel will be appointed to pursue the appeal.

*So ordered.*

HALL, C. J., and STEWART and HOWE, JJ., concur.