STATE of Utah, Plaintiff and
Respondent,

v.

Robert W. DUNN, Defendant
and Appellant.

No. 17571.

Supreme Court of Utah.

May 3, 1982.

---

Marcus Taylor, Labrum & Taylor, Richfield, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Following his conviction of aggravated kidnapping[1] and second degree murder,[2] defendant filed a timely notice of appeal. Defense counsel has filed an *"Anders"* brief,[3] seeking now to withdraw.

The facts leading up to defendant's conviction, briefly stated, are as follows. Defendant and one Howard Scott were hitchhiking in Barstow, California, when they obtained a ride in a motorhome driven by Ernest Sprinkle. Together, they proceeded in the motorhome to Las Vegas and then to Mesquite, Nevada. In Mesquite, Mr. Sprinkle apparently became somewhat intoxicated, and the trio left with defendant driving the motorhome. Sometime after leaving Mesquite, Sprinkle was struck on the head

with a pistol, bound, and placed in the bathroom at the rear of the motorhome. There is considerable dispute as to how this occurred. The prosecution contended that defendant and Scott acted together in assaulting Sprinkle and that the pistol was defendant's. Defendant contends that Scott spontaneously assaulted and bound Sprinkle and that the pistol was produced by Scott. Defendant claims that he was fearful for his own safety and that he was an innocent participant in the assault and in the events that followed.

As the journey continued, stops were made for the purpose of purchasing gasoline. Then in Richfield, Utah, a stop was made at a service station in order to purchase a fuse for a CB radio in the motorhome. At this point, Sprinkle apparently gained consciousness and, with his hands still bound, began to pound on the rear window of the motorhome. Defendant and Scott quickly got in the motorhome and left the station, the former doing the driving while the latter went to the rear to again subdue Sprinkle. Much of this was observed by the station attendant, who reported his observations to the police.

As the motorhome left Richfield and proceeded some 20 miles to Salina, it was followed by a semi-tractor trailer. The driver of that vehicle observed a man through the rear window of the motorhome, who was apparently calling to him and waiving for some unknown reason.[4] Thereafter, the blind was pulled down so as to completely cover the window.

Having been alerted by the call from the service station attendant, a Utah Highway Patrolman observed the motorhome in Salina. After following it for one or two miles, the patrolman stopped the vehicle and subsequently arrested both Scott and defendant. Sprinkle's body was found in the mo-

---

1. U.C.A., 1953, 76–5–302.

2. A lesser included offense of murder in the first degree—the offense with which defendant was charged under U.C.A., 1953, 76–5–202.

3. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

4. The witness stated that he was not unduly alarmed at such activity, having concluded that some sort of drunken party was occurring in the motorhome.

torhome, as was a .25 caliber pistol. Tests indicated that Sprinkle had died as the result of two gunshot wounds inflicted by the weapon, and that Scott had fired it.

At trial, Scott testified that he and defendant had become alarmed at Sprinkle's activity at the Richfield service station and that defendant had suggested and encouraged the shooting of Sprinkle. As indicated *supra*, defendant claimed that he was an unwilling participant in the crime and that he was greatly relieved when stopped by the patrolman. Nevertheless, the jury convicted defendant and he was sentenced by the court to two concurrent prison terms of five years to life.

In his request to withdraw, defense counsel represents that he has carefully researched the record and the law and that he is unable to find any arguable issues on appeal. He indicates that he has communicated with defendant on numerous occasions regarding the appeal, the substance and effect of which are stated as follows:

> The defendant has consistently communicated to me that he is of the opinion [1] that the trial court erred in not granting his motion for change of venue, and [2] that the trial court erred in not suppressing evidence of bullets which were found in his belongings. Some months ago, the defendant communicated to me [3] that he felt the evidence was insufficient to support the verdict of the jury and [4] that the trial court erred in admitting into evidence a photograph of the body of the victim. In my most recent meeting with Mr. Dunn, which occurred at the Utah State Prison on January 13, 1982, I again reviewed with him all points which he wished to raise on the appeal. At that meeting, he limited himself to the claims that venue should have been changed and that evidence of the bullets should have been suppressed. [Numbering added.]

In the brief prepared by counsel in conjunction with his request to withdraw, he has stated the four contentions raised by defendant (as numbered above). Under each point, counsel has cited relevant authority, as well as the record itself, which deals with the contentions of error.

Defense counsel has complied in every respect with the "*Anders*" requirements as recently explained in *State v. Clayton*, Utah, 639 P.2d 168 (1981). Counsel has filed a brief which refers to possible arguments, and he has certified that he has furnished a copy of the brief to defendant.

On February 19, 1982, defendant also filed a brief wherein he basically asserts a lack of probable cause for his arrest, illegal search and seizure, and insufficiency of the evidence. Having reviewed the record and the law, we are convinced that these points, as well as those addressed by counsel, are without merit.

We therefore grant defense counsel's request to withdraw and affirm defendant's conviction.

STEWART, J., concurs in the result.