**Robert DUNN, Plaintiff and Appellant,**

v.

**Gerald L. COOK, Warden, Utah State Prison, State of Utah, Defendant and Appellee.**

No. 880067.

Supreme Court of Utah.

April 2, 1990.

David B. Watkiss, Debra J. Moore, and Carolyn Cox, Salt Lake City, for plaintiff and appellant.

R. Paul Van Dam and Dan R. Larsen, Salt Lake City, for defendant and appellee.

STEWART, Justice:

Robert Dunn's petition for a writ of habeas corpus was dismissed without a hearing on the ground that all the issues raised were waived because they could or should have been raised on Dunn's prior direct appeal. We reverse and remand to the trial court for a hearing.

■ A jury convicted Dunn of second degree murder and aggravated kidnapping.[1] He was represented at trial by a court-appointed attorney. After the conviction, the attorney wrote to Dunn and advised against an appeal based on the attorney's belief that if the appeal were successful, Dunn could be resentenced to death at a retrial. The attorney's belief was incorrect. Utah Code Ann. § 76–3–405 prohibits imposition of a new sentence that is more severe than the prior sentence.[2] *Wisden v. District Ct. of Sevier County*, 694 P.2d 605, 606 (Utah 1984); *State v. Sorensen*, 639 P.2d 179, 180–81 (Utah 1981); *Chess v. Smith*, 617 P.2d 341, 343 (Utah 1980). *See Bullington v. Missouri*, 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981) (penalty phase of a capital proceeding is a trial on the issue of punishment and double jeopardy considerations apply; therefore imposition of a life sentence by a jury in a first trial precludes subsequent imposition of a death penalty following retrial).

Nevertheless, Dunn insisted on an appeal, and the attorney filed with this Court what purported to be an *Anders* brief and a motion to withdraw. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *State v. Clayton*, 639 P.2d 168 (Utah 1981). The brief summarily recited the prosecution evidence and the defendant's evidence and then framed four issues: whether the trial court erred in (1) denying a motion for a change of venue; (2) admitting a photograph of the victim's body; (3) refusing to suppress bullets found in Dunn's belongings; and (4) ruling that the evidence was sufficient to sustain a conviction. Each issue was stated in a single sentence, followed by a few case citations. The relevance of the cases was

---

1. Both of the offenses that Dunn was originally charged with, first degree murder and aggravated kidnapping, were capital offenses at the time the charges were made. Dunn was convicted of aggravated kidnapping and the lesser included offense of second degree murder and was sentenced to life imprisonment. The crime of aggravated kidnapping was subsequently reduced from a capital felony to a first degree felony by a 1983 amendment.

2. Utah Code Ann. § 76–3–405 (1978) provides:
   Where a conviction or sentence has been set aside on direct review or on collateral attack, the court shall not impose a new sentence for the same offense or for a different offense based on the same conduct which is more severe than the prior sentence less the portion of the prior sentence previously satisfied.

neither stated nor argued nor in any way related to the facts of the case. There certainly was no argument and no presentation of the law and facts of the case in the best light possible for defendant.

Dissatisfied with his attorney's efforts, Dunn filed what purported to be a pro se brief. Three of the issues listed in the brief were repetitious of three issues in the *Anders* brief. None of the issues presented by Dunn was supported by a statement of facts, argument, analysis, or authorities.

This Court granted defense counsel's motion to withdraw and affirmed Dunn's conviction in a per curiam opinion, *State v. Dunn*, 646 P.2d 709 (Utah 1982). Without any legal or factual analysis, the opinion simply held that the issues raised were "without merit." 646 P.2d at 711. The opinion disposed of the case without examining any of the points raised in either brief.

Thereafter, Dunn filed a pro se petition for a writ of habeas corpus in the district court, asserting primarily that his counsel had rendered constitutionally ineffective assistance at trial. Specifically, Dunn alleged that his counsel failed (1) to make proper objections, (2) to obtain evidence, and (3) to request jury instructions regarding accomplice involvement, and (4) he stipulated to the admission of evidence which should have been excluded. Dunn asserted that his counsel had refused to raise issues on appeal which Dunn had requested and had filed an *Anders* brief contrary to Dunn's desire. Dunn also alleged that the trial court erred in (1) denying his motion for a change of venue, (2) refusing to exclude a photograph of the victim's body, (3) refusing to suppress evidence found in a search of Dunn's belongings, and (4) admitting testimony of defendant's conviction of a prior crime. Dunn also argued that the trial court erred in the selection of the trial jury, that some jurors had prior knowledge of the case, and that jurors had access to information from the co-defendant's trial.

The State moved to dismiss Dunn's petition on the basis that the claims either had been raised on direct appeal or were waived because they should have been raised on direct appeal. The trial court agreed that all the issues either were raised or could have been raised on direct appeal and dismissed Dunn's petition. Dunn appeals that dismissal. For this appeal, this Court appointed counsel because it appeared there might be some merit to some of Dunn's issues.

■ The doctrines of waiver and res judicata do not stand as an unyielding bar to the litigation of claims that either once were or could have been litigated in a prior proceeding. However, a few of our cases over the years have stated only part of the governing rule in this jurisdiction, thereby leaving the impression that waiver or res judicata might be an absolute bar. The policy of finality certainly does have a high place in our hierarchy of judicial values, but that policy is not so compelling as to be more important than the vindication of a person's constitutional right to a fair trial, notwithstanding the defaults of a defendant's attorney. *Hurst v. Cook*, 777 P.2d 1029, 1034–35 (Utah 1989).

Our cases are replete with instances where issues were addressed on the merits pursuant to a habeas corpus petition which had been addressed and resolved on direct appeal or should have been raised on direct appeal and were not. Recently, in *Hurst*, this Court described the interaction of the doctrines of waiver and res judicata and the priority accorded them on a habeas hearing for a post-conviction remedy:

> The function of a writ of habeas corpus as a post-conviction remedy is to provide a means for collaterally attacking convictions when they are so constitutionally flawed that they result in fundamental unfairness and to provide for collateral attack of sentences not authorized by law. The general judicial policy favoring the finality of judgments cannot, therefore, always prevail against an attack by a writ of habeas corpus. As important as finality is, it does not have a higher value than constitutional guarantees of liberty. Protection of life and liberty from unconstitutional procedures is of greater importance than is res judicata.... "[H]owsoever desirable it may

be to adhere to the rules, the law should not be so blind and unreasoning that where an injustice has resulted the [defendant] should be without a remedy."

This Court has frequently held that while habeas corpus is not a substitute for appeal, a conviction may nevertheless be challenged by collateral attack ... where an obvious injustice or a substantial and prejudicial denial of a constitutional right has occurred, irrespective of whether an appeal has been taken.

777 P.2d at 1034–35 (citations omitted, footnotes omitted) (quoting *Martinez v. Smith,* 602 P.2d 700, 702 (Utah 1979)). The same point was made in *State v. West,* 765 P.2d 891, 894 (Utah 1988), where we stated that a "defendant's failure to raise his claim on direct appeal is not dispositive" of his habeas corpus petition. *See also Fernandez v. Cook,* 783 P.2d 547 (Utah 1989); *Chess v. Smith,* 617 P.2d 341 (Utah 1980); *Gonzales v. Morris,* 610 P.2d 1285 (Utah 1980); *Martinez v. Smith,* 602 P.2d 700 (Utah 1979); *Helmuth v. Morris,* 598 P.2d 333 (Utah 1979); *Rammell v. Smith,* 560 P.2d 1108 (Utah 1977); *Allgood v. Larson,* 545 P.2d 530 (Utah 1976); *Brown v. Turner,* 21 Utah 2d 96, 440 P.2d 968 (1968).

■ Our cases are in accord with the rules governing post-conviction procedures. Rule 65B(i) of the Utah Rules of Civil Procedure expressly recognizes that a petition for a writ of habeas corpus may be filed after an appeal from a conviction has been taken. Subsection (2) of Rule 65B(i) states, "The complaint shall also state whether or not the judgment of conviction that resulted in the confinement complained of has been reviewed on appeal, and if so, shall identify such appellate proceedings and state the results thereof." The existence of prior appellate proceedings, however, does not ipso facto bar subsequent habeas corpus proceedings. Recently this Court, after a direct appeal had resulted in the affirmance of a conviction, used a writ of habeas corpus to order remand for an evidentiary hearing on the ground that the defendant had been deprived of the effective assistance of counsel. *Fernandez v. Cook,* 783 P.2d 547 (Utah 1989). The Court reasoned that counsel who represented the petitioner both at trial and on appeal could not have effectively presented an ineffective assistance of counsel claim on appeal when that argument would necessarily have challenged his own performance at trial and on appeal.

■ Nevertheless, not all petitions for writs of habeas corpus may be heard on the merits after a trial and appeal or the waiver of an appeal; finality does prevail unless a petitioner can prove the existence of unusual circumstances. As we noted in *Hurst,* ordinary types of trial error that are not likely to affect the outcome may not be challenged on petitions for writs of habeas corpus. 777 P.2d at 1035 n. 5. *See Bundy v. DeLand,* 763 P.2d 803 (Utah 1988). To be entitled to a writ, a petitioner must show that there was an obvious injustice or a substantial and prejudicial denial of a constitutional right. *Hurst,* 777 P.2d at 1035. In short, "the unusual circumstances test was intended to assure fundamental fairness and to require reexamination of a conviction on habeas corpus when the nature of the alleged error was such that it would be 'unconscionable not to reexamine' ... and thereby to assure that 'substantial justice [was] done'...." *Codianna v. Morris,* 660 P.2d 1101, 1115 (Utah 1983) (Stewart, J., concurring) (quoting *Martinez v. Smith,* 602 P.2d 700, 702 (Utah 1979); *Brown v. Turner,* 21 Utah 2d 96, 99, 440 P.2d 968, 969–70 (1968)).

■ This case is not unlike *Fernandez.* Although Dunn had an appeal from his conviction, unlike *Fernandez,* Dunn now alleges, in effect, that his prior direct appeal was a sham because of his counsel's ineffective representation. In fact, Dunn further contends that because his counsel also rendered ineffective assistance at trial in violation of his Sixth Amendment right to counsel, it was all but impossible for him to provide effective assistance on appeal. Dunn's direct appeal was presented by counsel in the form of an *Anders* brief and a short supplemental pro se brief filed by Dunn. The *Anders* brief did not meet the

standards necessary to provide effective assistance of counsel on appeal.

The constitutionally guaranteed right to counsel encompasses the right to the effective assistance of counsel both at trial and on the first direct appeal of right. *Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); *Strickland v. Washington,* 466 U.S. 668, 685, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984). We acknowledge that this Court stated in its per curiam opinion that "counsel has complied in every respect with the *Anders* requirements." *State v. Dunn,* 646 P.2d 709, 711 (Utah 1982). It was on that basis that the Court granted counsel's motion to withdraw. Nevertheless, in light of the authorities and analysis that have been provided by Dunn's present counsel on this habeas appeal, we have a far better basis for judging whether the *Anders* brief filed on behalf of Dunn fell short of the standards required of *Anders* briefs. We hold that it did fall short in a number of respects. Among other things, it failed to raise several nonfrivolous issues which should have been raised on the appeal, as demonstrated by Dunn's present counsel on this appeal. Unfortunately, this Court was not in a position to have detected those issues on its own in the prior appeal.

In this state, *Anders* has been supplemented by *State v. Clayton,* 639 P.2d 168 (Utah 1981). In *Clayton,* we stated:

[C]ounsel's brief must contain a statement of the facts, a description of the proceedings, and the citation of pertinent authorities sufficient to permit this Court to fulfill its obligation [to decide whether the case is wholly frivolous].... The brief must also certify that counsel has met the requirements of [furnishing the indigent with a copy of the brief and time to raise any points which he chooses], and it should incorporate, in as full detail as appropriate, any points the indigent has raised with counsel....

... [T]his Court will grant counsel permission to withdraw and will affirm the conviction (rather than dismiss the appeal) in criminal appeals that are found to be wholly frivolous, but will do so only

when the Court is unanimous in that decision. Otherwise, the appeal must be pursued on the merits.

639 P.2d at 170. An *Anders* brief is in one sense an abbreviated form of a regular brief, but it is different from a regular brief in that it must demonstrate that the potentially meritorious issues are frivolous. At the same time, counsel must retain an adversarial stance by showing that the record has been searched and the law researched with the good faith intent of advancing the defendant's interest. That is not to say, however, that counsel may exceed the boundaries of ethical representation. Counsel must continue to identify with the defendant's position, until it is truly clear that the issues are frivolous.

■ It is not enough to list issues and case citations; the arguments must be sufficiently articulated to justify the conclusion that counsel has truly sought to present meritorious issues but cannot. *Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). In *Robinson v. Black,* 812 F.2d 1084 (8th Cir.1987), the court stated:

Counsel did not act as an advocate for Robinson when he briefed all issues in favor of the government and concluded Robinson's claims were meritless. Robinson had a right to expect counsel to brief and argue his case to the best of counsel's ability, showing the most favorable side of defendant's arguments. Counsel changed the adversarial process into an inquisitorial one by joining the forces of the state and working against his client.

812 F.2d at 1086–87. *See also DeMarrias v. United States,* 444 F.2d 162 (8th Cir. 1971); *Smith v. United States,* 384 F.2d 649 (8th Cir.1967).

The *Anders* brief filed here briefly recited the prosecution evidence and the defense evidence and then stated four issues. Each issue was phrased as a single short sentence. The brief had no argument. The brief simply listed a few cases, but their facts and the principles they stand for were not stated. Only two of the four stated issues contained citations to any

part of the record. Dunn's pro se brief had seven typewritten pages which set forth an array of questions based on the record. One page listed seven issues without any argument or citation of authority.

The so-called *Anders* brief filed by counsel violates the *Anders, Penson,* and *Clayton* requirements in at least three ways. First, no arguments were articulated, which demonstrated that each issue was in fact frivolous. Although defense counsel might think that an issue is frivolous, *Anders* requires that he objectively demonstrate that the issue is frivolous. Second, only two of the four issues counsel raised were supported by record citations, and even in those instances only a range of pages where the issue arose was given. Each of the issues should have contained references to the record. The issues should have been analyzed and appropriate record and legal citations given in each instance. A complete brief on the merits is usually unnecessary; however, this Court needs to be assured that an issue is not just meritless, but that counsel has engaged in sufficient analysis of the record and case law to be secure in the belief that the issues are frivolous. Third, the *Anders* brief should have included and addressed the issues that Dunn raised in his pro se brief. While two of those issues do appear to be frivolous on their face, two are not frivolous on their face. Those two issues should have been argued to the extent they were arguable.

■ In all events, Dunn can hardly be held to have waived the effective assistance of counsel issue by not including it in his pro se brief. It requires effective counsel to demonstrate that prior counsel's performance did not meet constitutional standards.

The State relies upon *Hafen v. Morris,* 632 P.2d 875 (Utah 1981), for the proposition that the issue of ineffective assistance of counsel may not be raised in a habeas proceeding since it should be raised on direct appeal. The State also cites *Zumbrunnen v. Turner,* 27 Utah 2d 428, 497 P.2d 34 (1972), and *Bryant v. Turner,* 19 Utah 2d 284, 431 P.2d 121 (1967), for the proposition that ineffective assistance may not be raised in a habeas proceeding. To the extent that these cases can be said to stand for the proposition that the issue of ineffective assistance of counsel may not be raised on habeas, they are hereby disapproved. For practical purposes, they were disapproved *sub silentio* in *Fernandez,* if they ever in fact constituted a full and proper statement of Utah law.

■ Finally, the State once again seeks to have this Court adopt the federal cause and prejudice standards to govern waiver on habeas. We expressly decline to do so. The circumstances of federal habeas are different from the circumstances of state habeas. In our view, it is appropriate that federal habeas review be more difficult to obtain than state habeas review.

■ In sum, the conclusion is unavoidable that the *Anders* brief was inadequate as a matter of law and shows that Dunn received ineffective assistance of counsel on appeal. *Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). It follows that the prior appeal is not a bar to the habeas proceedings and that the case must be remanded to the district court for further proceedings. *Fernandez v. Cook,* 783 P.2d 547 (Utah 1989). The failure to raise a number of substantive issues that have been identified by Dunn's attorneys on this appeal supports the proposition that counsel rendered ineffective assistance on the direct appeal.

The State also argues that *Andrews v. Shulsen,* 773 P.2d 832 (Utah 1988) held that a petitioner must show "good cause" as to why claims raised in a habeas corpus proceeding which could or should have been raised earlier were not raised in a prior post-conviction proceeding. The State suggests that without a showing of good cause, it is "an abuse of the writ and requires dismissal of the petition." *Andrews,* 773 P.2d at 833. The State, however, is in error. *Andrews v. Shulsen,* was

an appeal from Andrews' third petition for habeas corpus.[3] The issue in that case was what the petitioner had to show to raise an issue that had not previously been presented in a prior petition. The Court held that although an issue was not necessarily waived forever, if not raised in a petition, it could be subsequently raised only upon a showing of "good cause" for not having done so previously. *See Hurst v. Cook*, 777 P.2d 1029 (Utah 1989).

The Court expresses its gratitude to appointed counsel for their excellent work on this case.

Reversed and remanded for proceedings on the merits of the petition.

DURHAM, J., concurs.

ZIMMERMAN, Justice (concurring in the result):

I join the majority's analysis of the deficiencies of trial counsel's representation of appellant on his initial appeal. For that reason, I conclude that this case presents the "unusual circumstances" necessary to permit the raising of the effective-assistance-of-counsel claim by way of collateral attack. *Fernandez v. Cook*, 783 P.2d 547, 549–50 (Utah 1989); *Hurst v. Cook*, 777 P.2d 1029, 1035 (Utah 1989) (collecting cases on "unusual circumstances").

However, just as I did not join in the *Hurst* opinion, I cannot join the present opinion of Justice Stewart, speaking for himself and Justice Durham. It tracks the dictum in Justice Stewart's opinion in *Hurst*, dictum which can be read to suggest that the requirement of unusual circumstances is relatively meaningless and that we readily permit the raising of new issues on collateral attack. There are certainly a number of instances where we have found unusual circumstances to exist, but there are a great number more where we have not. Counsel should not be lulled by the seeming liberality of the language used by the majority into thinking that we casually entertain collateral attacks. We do not.

I likewise cannot agree with the majority's apparent effort to distinguish *Andrews v. Shulsen*, 773 P.2d 832 (Utah 1988), an effort that can only reinforce the misimpression created by the dictum on unusual circumstances. The majority seems to be restricting to cases arising in a very specific procedural context the requirement discussed in *Andrews* that before a petitioner is entitled to have a court address claims raised on collateral attack that could or should have been raised earlier, the petitioner must show "good cause" why those claims were not raised earlier.

It is true that *Andrews* arose in a procedural posture different than the present case. However, that is not dispositive for me. The issue in *Andrews* was the same as the issue in *Fernandez* and in the present case: Has the petitioner demonstrated that there was a sufficiently good reason why the issues raised had not been presented earlier? In all three cases, an attempt at that showing was made. And in answering that question, it is not important whether it is labeled "good cause" under rule 65B(i)(4) of the Utah Rules of Civil Procedure or "unusual circumstances" under our habeas corpus case law. In my view, the standard is operatively the same, regardless of the rubric used. By attempting to distinguish *Andrews* as it has and minimize the good cause requirement, the majority can only further delude the bar about the nature of the threshold showing necessary before the merits of a claim will be addressed on collateral attack.

One final point. I heartily join in that portion of the majority opinion applauding the efforts of counsel we appointed to represent appellant. Their *pro bono* efforts are but one example of a fine tradition in the legal profession that too seldom receives the recognition it deserves.

---

**3.** Andrews' second petition for post-conviction relief grew out of a petition for habeas corpus in the federal district court. *Andrews v. Morris*, 677 P.2d 81, 82 (Utah 1983). *See Andrews v. Shulsen*, 773 P.2d 832, 832–33 (Utah 1989).

HALL, C.J., concurs in the concurring opinion of ZIMMERMAN, J.

HOWE, Associate Chief Justice, concurs in the result.