974 F.2d 1345
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Danilo PASCUAL, Petitioner-Appellant,
v.
Tamara HOLDEN, Respondent-Appellee.
 No. 91-4210.
 United States Court of Appeals, Tenth Circuit.
 Aug. 19, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Danilo Pascual, a Utah state prisoner, appeals from the district court's order dismissing his 28 U.S.C. § 2254 petition for writ of habeas corpus.
 
 
 3
 Pascual was convicted of criminal homicide and sentenced to serve five years to life on January 3, 1989. Upon appeal, his conviction was affirmed by the Utah Court of Appeals. Among other grounds asserted on appeal, Pascual claimed that his trial counsel was ineffective because he failed to request an eyewitness instruction.
 
 
 4
 In his § 2254 petition, Pascual claimed, inter alia, that his trial counsel was ineffective for failing to adequately prepare for trial. The matter was referred to the United States Magistrate who submitted a Report and Recommendation that the petition be dismissed because Pascual had not raised the claim that his trial counsel had inadequately prepared for trial in the courts of the State of Utah and he had failed to exhaust his state remedies. The district court adopted the magistrate's Report and Recommendation over Pascual's objections and dismissed the petition.
 
 
 5
 Pascual's claim that his trial counsel did not adequately prepare for trial is not the same ineffective assistance of counsel claim that he asserted on appeal. There he alleged that his trial counsel was ineffective in failing to request an eyewitness investigation. These claims are significantly different.
 
 
 6
 The Magistrate found that "the petitioner did not seek postconviction relief on this issue [the ineffective assistance of counsel issue] in the state courts although he could have done so under Rule 65 B(f) U.R.C.P. Fernandez v. Cook, 783 P.2d 547 (Utah 1989); Jensen v. DeLand, 795 P.2d 619 (Utah 1989); Dunn v. Cook, 791 P.2d 873 (Utah 1990); Wagstaff v. Barnes, 802 P.2d 774 (Utah App.1990)." (R., Vol. I, Tab 3, p. 3). We agree. The Utah Supreme Court has adopted a flexible standard permitting postconviction challenges relating to incompetency of trial and appellate counsel. In addition to the cases cited by the Magistrate, supra, see also Hurst v. Cook, 777 P.2d 1029, 1034-6 (Utah 1989).
 
 
 7
 We AFFIRM.
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3