STATE of Utah, Plaintiff and Appellee,

v.

Raymond FLORES, Defendant and Appellant.

No. 920538–CA.

Court of Appeals of Utah.

June 14, 1993.

---

Michael D. Murphy, Kaysville, for defendant and appellant.

Jan Graham and Todd A. Utzinger, Salt Lake City, for plaintiff and appellee.

Before BENCH, BILLINGS and RUSSON, JJ.

### AMENDED ORDER [1]

This matter is before the court on the State's motion to strike appellant's brief, which purports to be an *Anders* brief. The State asserts that the brief fails to objectively demonstrate that the potentially meritorious issues are frivolous and therefore fails to comply with *Dunn v. Cook*, 791 P.2d 873 (Utah 1990). We grant the motion and order counsel either to file a brief that complies with the requirements set forth in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), *State v. Clayton*, 639 P.2d 168 (Utah 1981) and *Dunn*, or to file a regular brief.

The sole issue before the court is whether an *Anders* brief must affirmatively state that the issues are wholly frivolous. Defense counsel asserts that he would be violating his ethical duty to his client if he so stated.

In *Anders*, the United States Supreme Court outlined the responsibilities of appointed counsel who conclude that a indigent criminal defendant's appeal is without merit. In *Clayton*, the Utah Supreme Court restated the *Anders* requirements as follows:

1. The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of *amicus curiae*. The no-merit letter and the procedure it triggers do not reach that dignity. Counsel should, and can with honor and without conflict, be of more assistance to his client and to the court.

2. His role as advocate requires that he support his client's appeal to the best of his ability.

3. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw.

4. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal.

5. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses.

6. [T]he court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.

7. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires.

8. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

*Clayton*, 639 P.2d at 169–70.

The court then explained that counsel's *Anders* brief must contain a statement of the facts, a description of the proceedings, and citations of pertinent authorities sufficient to allow the court to determine whether the appeal is wholly frivolous. A transcript of the proceedings or a stipulation describing the trial must also be provided.

**1.** This replaces the Order issued in this case on June 8, 1993.

Finally, the brief must certify that counsel has furnished defendant with a copy of the brief, and defendant must be allowed time to raise any additional arguments. *Id.* at 170.

Recently, in *Dunn,* the Utah Supreme Court reiterated the requirements of an *Anders* brief under *Clayton.* In addition, the court stated,

> An *Anders* brief is in one sense an abbreviated form of a regular brief, but it is different from a regular brief in that it must demonstrate that the potentially meritorious issues are frivolous. At the same time, counsel must retain an adversarial stance by showing that the record has been searched and the law researched with the good faith intent of advancing the defendant's interest. That is not to say that counsel may exceed the boundaries of ethical representation. *Counsel must continue to identify with the defendant's position, until it is truly clear that the issues are frivolous.* *Dunn,* 791 P.2d at 877 (emphasis added).

The court also stated that counsel cannot simply list issues and cite cases. Rather, "the arguments must be sufficiently articulated to justify the conclusion that counsel has truly sought to present meritorious issues but cannot." *Id.* (citing *Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988)).

In *Dunn,* the brief recited the evidence and stated four issues. The brief contained no argument. The court held that the brief violated the standard set forth in *Anders, Clayton,* and *Penson,* in part because "no arguments were articulated, which demonstrated that each issue was in fact frivolous." The court further stated "[a]lthough defense counsel might think an issue is frivolous, *Anders* requires that he objectively demonstrate that the issue is frivolous." *Id.* at 878.

The brief in this case recites the facts and asserts that the evidence is insufficient to support the conviction and that the trial court erred in admitting evidence of defendant's prior convictions. However, the brief fails to objectively demonstrate that the issues are frivolous. *See State v. Ro-*

*mano,* 29 Utah 2d 237, 507 P.2d 1025 (1973) ("Frivolous" is defined as "having no basis in fact or law."). In fact, the issues, as presented, do not appear to be frivolous. We therefore strike defense counsel's purported *Anders* brief and order counsel to file a new brief.