2000 UT App 304

**STATE of Utah, Plaintiff and Appellee,**

v.

**James Michael WELLS, Defendant and Appellant.**

No. 990635–CA.

Court of Appeals of Utah.

Nov. 2, 2000.

Julie George, Salt Lake City, for Appellant.

Jan Graham, Atty. Gen., and Karen Klucznik, Asst. Atty. Gen., Salt Lake City, for Appellee.

Before JACKSON, Associate P.J., and BILLINGS and ORME, JJ.

## OPINION

PER CURIAM:

¶ 1 This case is before the court on the State's "Motion for Order Requiring Defense Counsel to File Supplement[al] Brief in Response to Defendant/Appellant's Reply to the Anders Brief." Because the issues raised are of interest to the criminal appellate bar, we issue this opinion.

¶ 2 On April 11, 2000, appellant's appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *State v. Clayton*, 639 P.2d 168 (Utah 1981), analyzing the possible claims on appeal and concluding the appeal presents no nonfrivolous issues for determination by the court. In the *Anders* brief, counsel "requested that this court allow the Appellant to have a reasonable amount of time to file a brief or commentary as to this brief if he should so decide." Counsel also certified that she had notified the appellant "of her intent to withdraw and sent him a copy of the motion, the request for an extension of time in which he can reply and a copy of the brief filed by counsel." On May 8, 2000, appellant filed a reply to the *Anders* brief, alleging that appellate counsel failed to address the following issues: (1) that appellant received ineffective assistance because trial counsel did not move for a change of venue based on an alleged conflict of interest within the prosecutor's office; (2) that he received ineffective assistance because trial counsel did not object to prosecutorial misconduct during closing argument; (3) that he was denied due process due to a conflict of interest within the prosecutor's office; (4) that he was denied due process due to prosecutorial misconduct; and (5) that the trial court committed plain error in entering its minimum mandatory sentence without making written findings. The appellant's reply contained a detailed analysis of these issues from appellant's perspective, containing citations to the record and case law and arguing that the appeal presented valid and meritorious claims that should be presented to the court.

¶ 3 The State moved for an order requiring defense counsel to file a supplemental brief in response to appellant's reply to the *Anders* brief. The State argued that it "could not properly address the adequacy of counsel's *Anders* brief absent that supplementation." The motion raises an important issue regarding compliance with the *Anders* requirements as adopted and restated by the Utah Supreme Court in *Clayton*.

¶ 4 The *Anders* requirements may be summarized as follows:

1. Counsel must continue to act in the role of an active advocate in behalf of his or her client.

2. The role as advocate requires that counsel support the client's appeal to the best of his or her ability.

3. If counsel finds the appeal to be wholly frivolous, after a conscientious examination of it, counsel should so advise the court and request permission to withdraw.

4. The request must be accompanied by a brief referring to anything in the record that might arguably support the appeal.

5. A copy of counsel's brief must be furnished to the indigent client and time allowed him or her to raise any points that he or she chooses.

6. The court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.

7. If it so finds, the court may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires.

8. If the court finds any of the legal points arguable on their merits, it must, prior to decision, afford the indigent defendant the assistance of counsel to argue the appeal.

*See Clayton*, 639 P.2d at 169–70.

¶ 5 After an appellate court receives an *Anders* brief, the court must undertake an

independent examination of the record to determine whether the appeal is wholly frivolous. In *Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), appointed counsel was allowed to withdraw by the state appellate court based upon a "Certification of Meritless Appeal and Motion," which stated in conclusory terms that counsel found no errors requiring reversal, modification, or vacation of the conviction or sentence. *Id.* at 78, 109 S.Ct. 346. The appellate court then directed appellant to file a pro se brief and denied his requests for appointment of a new attorney. The Ohio Court of Appeals made its own determination on the merits, noting that the certification that the appeal was meritless was "highly questionable." *Id.* at 75, 109 S.Ct. 346. The court of appeals ultimately reversed the conviction on one count based upon plain error, but affirmed the convictions on the remaining counts. *See id.* Following the dismissal of a discretionary appeal to the Ohio Supreme Court, the United States Supreme Court granted certiorari and reversed, determining that the Ohio court erred in allowing counsel to withdraw based upon counsel's conclusory statement that the appeal was meritless and in requiring appellant to proceed pro se. *See id.* at 81, 109 S.Ct. 346.

■ ¶ 6 The United States Supreme Court stated in *Penson* that an *Anders* brief serves "the valuable purpose of assisting the court in determining both that counsel in fact conducted the required detailed review of the case and that the appeal is indeed so frivolous that it may be decided without an adversary presentation." *Id.* at 81–82, 109 S.Ct. 346. After an appellate court receives counsel's *Anders* brief, "the court must then undertake a full examination of the record to determine whether the appeal is wholly frivolous." *Id. at 80, 109 S.Ct. 346* (citation omitted). "Only after this separate inquiry, and only after the appellate court finds no nonfrivolous issue for appeal, may the court proceed to consider the appeal on the merits without the assistance of counsel." *Id.* "On the other hand, if the court disagrees with counsel ... and concludes that there are nonfrivolous issues for appeal, 'it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.' " *Id.* (quot-

ing *Anders,* 386 U .S. at 744, 87 S.Ct. at 1400).

■ ¶ 7 It follows from *Anders, Penson,* and *Clayton* that counsel is required to undertake the task of briefing all potential issues identified by either the defendant or counsel and objectively demonstrating that the issues presented in the appeal are frivolous. *See State v. Flores,* 855 P.2d 258, 260 (Utah Ct.App.1993) (per curiam) (requiring *Anders* brief "to objectively demonstrate that the issues are frivolous"). It would be contrary to that requirement to adopt a procedure requiring or allowing an appellant to file a pro se brief in response to an *Anders* brief before the appellate court's determination that the appeal is wholly frivolous. Such a procedure not only deprives the defendant of the representation contemplated in *Anders,* it also deprives "the court of the assistance of an advocate in its own review of the cold record on appeal." *Penson,* 488 U.S. at 82, 109 S.Ct. 346.

■■ ¶ 8 In appeals to this court in which *Anders* briefs are filed, counsel have often provided a copy of the *Anders* brief to the appellant· either simultaneously with, or shortly before, its filing in this court. However, *Clayton* requires that "[t]he brief must also certify that counsel has met the requirements of [providing a copy to appellant in enough time to allow a response]" and "it should incorporate, in as full detail as appropriate, any points the indigent has raised with counsel." *Clayton,* 639 P.2d at 170. The Utah Supreme Court later elaborated on the requirements for an *Anders* brief, stating:

> An *Anders* brief is in one sense an abbreviated form of a regular brief, but it is different from a regular brief in that it must demonstrate that the potentially meritorious issues are frivolous. At the same time, counsel must retain an adversarial stance by showing that the record has been searched and the law researched with the good faith intent of advancing the defendant's interest.... Counsel must continue to identify with the defendant's position, until it is truly clear that the issues are frivolous.

*Dunn v. Cook,* 791 P.2d 873, 877 (Utah 1990). In *Dunn,* the appellant filed a pro se brief listing seven issues not addressed in the *Anders* brief. *See id.* at 878. The supreme court stated that the *Anders* brief "should have included and addressed the issues that Dunn raised in his pro se brief." *Id.* The logical conclusion to be drawn is that providing a copy of the proposed brief to appellant, obtaining information on any additional points the appellant wants counsel to raise, and incorporating analysis of these points in the brief should take place prior to the *Anders* brief's being filed with, or considered by, an appellate court.

¶ 9 This court took that position in *In re D.C.,* 963 P.2d 761 (Utah Ct.App.1998), which established procedures for filing an *Anders*-type brief in a civil appeal from an order terminating parental rights. Accordingly, while we have admittedly been somewhat uneven in our insistence on compliance, this court requires that

> [b]efore filing an *Anders*-type brief with this court, counsel must give the client both a copy of the brief and enough time to allow the client to raise any points that the client chooses. Counsel must certify in the brief that he or she has met this requirement. Counsel's brief must then incorporate, "in as full detail as appropriate, any points the [client] has raised with counsel, and any issues the client has raised in a pro se brief.

*In re D.C.,* 963 P.2d at 765 (citations omitted).

■ ¶ 10 Counsel in the present appeal certified that she served a copy of the *Anders* brief on appellant and requested that this court allow appellant a reasonable amount of time "to file a brief or commentary as to this brief if he should so decide." Counsel's request contemplates that appellant, and not appointed counsel, will address any additional issues in this court on a pro se basis. This is not consistent with the requirements imposed upon counsel filing an *Anders* brief. A reading of the cases in context requires counsel, not an appellant, to brief any issues raised by an appellant. Only after the court has independently determined that the appeal, taken as a whole, presents no nonfrivolous issues can the appeal be considered on the merits without the assistance of counsel. On the other hand, if the court determines that the appeal presents one or more nonfrivolous issues, appellant must be afforded the assistance of counsel. Consistent with this sequence, the State requests in its motion that counsel be required to supplement the previously filed *Anders* brief with a discussion of the additional points raised in appellant's pro se response. We agree and order counsel to file either a supplemental brief addressing each issue in the pro se reply and fully complying with the *Anders* requirements, or, in the alternative, a regular appellant's brief, within thirty days of the date of this decision.

■ ¶ 11 Appellant also seeks appointment of substitute counsel in his pro se reply. Under *Clayton,* if the court does not find the appeal to be wholly frivolous, it "must be pursued on the merits" and the court "will either direct the moving counsel to submit a brief on the merits, or grant counsel leave to withdraw and appoint other counsel to pursue the appeal, as appropriate in the circumstances of the individual case." *Clayton,* 639 P.2d at 170. Accordingly, appellant's request for appointment of substitute counsel is premature and must be considered only after completion of the supplemental briefing and this court's independent determination whether the appeal is, or is not, wholly frivolous.

¶ 12 In sum, on the basis of the foregoing, counsel shall, within thirty days of the issuance date of this decision, file either (1) a supplemental brief incorporating and analyzing each issue raised by appellant in his pro se brief, fully complying with the *Anders* requirements or (2) file a regular appellate brief. The request for substitute counsel is denied without prejudice and may be considered by this court at the conclusion of briefing in accordance with *Clayton.*