2002 UT App 357

**OGDEN CITY, Plaintiff and Appellee,**

v.

**Wesley STITES, Defendant and Appellant.**

**No. 20000571–CA.**

Court of Appeals of Utah.

Oct. 31, 2002.

Ted K. Godfrey, Ogden, for Appellant.

Michael S. Junk, Assistant Ogden City Attorney, for Appellee.

Before Judges BILLINGS, DAVIS, and ORME.

## MEMORANDUM DECISION

ORME, Judge:

¶ 1 On August 16, 2000, Ted K. Godfrey was appointed to represent Defendant in his appeal from his conviction for carrying a concealed dangerous weapon in violation of Utah Code Ann. § 76–10–504(1) (1999), a class B misdemeanor, and from his conviction of driving on suspension or revocation[1] in violation of Utah Code Ann. § 53–3–227(1) (1999), a class C misdemeanor.[2] Godfrey first attempted to withdraw in conjunction with the filing of an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 87 S.Ct.

1396, 18 L.Ed.2d 493 (1967); *State v. Wells*, 2002 UT App 304, 13 P.3d 1056 (per curiam). Due to its substantive and procedural defects, the brief was stricken by this court on December 31, 2001. Accordingly, we also denied, without prejudice, Godfrey's request to withdraw as counsel. This court then ordered Godfrey to submit either an adequate *Anders* brief or a regular appellant's brief within thirty days. After multiple requests for extensions of time, Godfrey submitted an appellant's brief on April 8, 2002.

¶ 2 Defendant's case has now been assigned to the above-identified panel for disposition on the merits. In the course of our review, we have become concerned about the quality of representation Defendant has received on appeal. Godfrey's long-delayed appellant's brief purports to address Defendant's Fourth Amendment claims with one and one-half double-spaced pages of argument and two case citations. More importantly, although these Fourth Amendment claims were not preserved for appeal, Godfrey's brief entirely fails to address plain error, a discussion that is necessary any time a party seeks appellate review of a claim that is "raised for the first time on appeal." *State v. Helmick*, 2000 UT 70, ¶ 8, 9 P.3d 164. *See* Utah R.App. P. 24(a)(5)(B) ("The brief of the appellant shall contain ... a statement of grounds for seeking review of an issue not preserved in the trial court."). We think nearly a hundred days is more than enough time to prepare Defendant's substitute brief in a professional manner. While the workload of a public defender may explain the need for extensions of time, it does not excuse the wholly inadequate brief ultimately filed.

¶ 3 Accordingly, Godfrey is discharged as Defendant's counsel in this appeal. The case is temporarily remanded to the trial court for the prompt appointment of new counsel for

---

1. Although Defendant's handwritten notice of appeal indicated he wanted to appeal both the "driving on restriction" conviction and the concealed weapon conviction, Godfrey's briefs addressed only the concealed weapon conviction.

2. We observe that Defendant, who was apparently indigent, proceeded to his jury trial without counsel and was sentenced to ten days in the Weber County Jail on his concealed weapon con-

viction. Although a minute entry concerning his arraignment suggests that Defendant waived his right to counsel, absent a transcript of that hearing we have no ability to gauge whether Defendant's waiver was knowing and voluntary. We encourage new counsel to review the transcript of Defendant's arraignment to ensure that his apparent waiver was appropriate.

Defendant, which counsel shall have recognized expertise in criminal appellate practice and a caseload and work ethic that will permit immediate and sustained attention to this matter. Such counsel shall be directed to review the record and confer with Defendant and file a new brief on behalf of Defendant in this case. Said brief shall be filed within sixty days of the date such counsel is appointed. During the limited remand, this court otherwise retains jurisdiction over the appeal.

¶4 WE CONCUR: JUDITH M. BILLINGS, Associate Presiding Judge, and JAMES Z. DAVIS, Judge.