STATE of Utah, Plaintiff and Respondent,

v.

Robert A. VARNER, Defendant and Appellant.

No. 19877.

Supreme Court of Utah.

Nov. 1, 1984.

Kent O. Willis, Orem, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake City, Noall T. Wootton, Provo, for plaintiff and respondent.

**754**

PER CURIAM:

The appellant was found guilty by jury verdict of aggravated robbery of a pharmacy attendant at gunpoint. He asserted an alibi defense, which the jury and judge did not accept.

No transcript of the record was provided, and the matter is here on stipulated facts related substantially as follows.

Five witnesses testified for the State and four testified for the defense. The testimony was diametrically opposed as to the only appealable issue claimed, that of "alibi."

Counsel for defendant was an active advocate, which is essential to due process under the *Anders* case,[1] the requirements of which were adopted and elaborated upon as the law under article I, section 7 of the Utah Constitution in the *Clayton* case.[2] Defense counsel has filed a brief fully and adequately arguing the substantiality of the evidence point raised. Counsel has also noted in the brief that he considers the case to be wholly frivolous for the purpose of appellate review, stating in his brief on appeal that the only contention would be insufficiency of the evidence, that having "examined the record" he "concluded that the appeal is without merit," and that "this brief is submitted concurrently with his Motion for Leave to Withdraw as Counsel." The attorney general filed a letter of agreement in lieu of a brief.

Defense counsel served a copy of his brief on appeal on the appellant, whom he represented, to allow the latter a reasonable time to raise any points he may choose to raise, as required by *Anders* and *Clayton*. No response to such opportunity has been made manifest.

We also have examined the record before us and find no disagreement with the representations made either by the defense or the State. Neither do we deem the request of counsel to withdraw as anything other than justifiable, nor the appointment of new counsel necessary to protect any substantial rights of the accused. We are unanimously of the view that this appeal is wholly without merit.

The verdict and sentence are affirmed, the withdrawal is granted, and no further counsel is appointed.

1. *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

2. *State v. Clayton,* Utah, 639 P.2d 168 (1981).