SANDY CITY, Plaintiff and Appellee,

v.

Peggy S. BROWN, Defendant and Appellant.

No. 910304–CA.

Court of Appeals of Utah.

Feb. 24, 1992.

Peggy S. Brown, pro se.

Sandy City Prosecutor, Sandy, for appellee.

Before GREENWOOD, BENCH and ORME, JJ. (Law and Motion).

OPINION

PER CURIAM:

This case is before the court on appellant's motion for summary reversal. The sole issue raised in the motion is the alleged failure of the court to comply with an order of the Utah Court of Appeals to rule upon appellant's request for counsel on appeal.

Appellant was convicted of theft by deception, a Class C misdemeanor, in violation of Sandy City Ordinance 7–6–20 and disorderly conduct, an infraction, in violation of Sandy City Ordinance 7–7–2(A)(1). She was sentenced to spend three days in jail to commence on April 26, 1991. Appellant did not request a stay of the jail sentence pending appeal, and she has since served the sentence.

Appellant had the assistance of appointed counsel at trial. Following the judgment, appointed counsel filed a notice with the trial court stating that counsel "withdraws as counsel for the defendant in the above matter on the basis that counsel was appointed by Sandy City to represent defendant at trial and defendant has determined that she desires to appeal the decision of the above court."

Appellant filed a request for appointed legal counsel on appeal with the trial court, which was denied. Appellant renewed the request in this court, and we temporarily remanded the case to the circuit court "for consideration of the request and appointment of counsel, as necessary." The trial court subsequently entered an order stating:

On defendant's motion for counsel, the court finds the defendant has served the time in jail and the case has been cleared. Defendant's counsel Matt Olsen states that there was no basis for the appeal and therefore denied to file the appeal on behalf of the defendant. The court orders that the defendant was given sufficient legal advice and the court will not appoint additional counsel for the appeal. The court orders that the defendant will need to petition the court of appeals for counsel.

954

Utah Code Ann. § 77–32–2 (1990) provides for assignment of counsel, upon defendant's request or the court's own motion, "to represent each indigent person who is under arrest for or charged with a crime in which there is a substantial probability that the penalty to be imposed is confinement in either jail or prison," unless the defendant waives such representation on the record. This section implements the requirements of the Sixth Amendment to the United States Constitution, which requires that, "[a]bsent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless that person was represented by counsel at trial." *See Argersinger v. Hamlin,* 407 U.S. 25, 37, 92 S.Ct. 2006, 2012, 32 L.Ed.2d 530 (1972); *see also Scott v. Illinois,* 440 U.S. 367, 373–74, 99 S.Ct. 1158, 1162, 59 L.Ed.2d 383 (1978). Utah Code Ann. § 77–32–3 (1990) contains the duties for appointed counsel, providing, in relevant part:

(1) When representing an indigent person the assigned counsel shall:

(a) Counsel and defend him at every stage of the proceeding following assignment; and

(b) Prosecute any first appeal of right or other remedies before or after conviction that he considers to be in the interest of justice except for other and subsequent discretionary appeals or discretionary writ proceedings.

Subsection (2) of section 77–27–3 also provides for appointed counsel's representation "in a meaningful first appeal of right to assure the indigent defendant an adequate opportunity to present his claims fairly in the context of the appellate process of this state."

In *State v. Clayton,* 639 P.2d 168 (Utah 1981), the Utah Supreme Court clarified the responsibilities of appointed counsel who concludes that an indigent client's criminal appeal is meritless. That case adopts the United States Supreme Court's decision in *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Those cases describe the procedure that appointed counsel must follow prior to being allowed to withdraw, including the requirement to file a brief "referring to anything in the record that might arguably support the appeal." *Clayton,* 639 P.2d at 170. *Clayton* clarifies that it is for the appellate court, not counsel, to decide whether a case is wholly frivolous. *Id.* Accordingly, we conclude that it was error to allow withdrawal of appointed counsel or to refuse to appoint counsel on the basis that appointed counsel did not believe the proposed appeal has merit.

The case is temporarily remanded to the trial court for appointment of counsel on appeal. The appeal is stayed pending that appointment, and the trial court is directed to provide a copy of the order of appointment to this court.