2001 UT 66

**STATE of Utah, Plaintiff and Appellee,**

v.

**Hector Eduardo REYES, Defendant and Appellant.**

**No. 981824.**

Supreme Court of Utah.

Aug. 7, 2001.

Mark L. Shurtleff, Att'y Gen., Laura B. Dupaix, Scott Keith Wilson, Asst. Att'ys Gen., Salt Lake City, and David R. Brickey, Cedar City, for plaintiff.

Dale W. Sessions, Cedar City, for defendant.

PER CURIAM:

¶ 1 Defendant Hector Eduardo Reyes appeals the trial court's sentence. Reyes pled guilty to rape of a child, a first degree felony, *see* Utah Code Ann. § 76–5–402.1(1), and was sentenced to a term of fifteen years to life. We affirm.

¶ 2 In June of 1998, the Cedar City Police received a report from Reyes' wife that her husband had raped their eleven-year-old daughter. Reyes' daughter confirmed this report, describing five years of molestation. Investigating officers discovered a videotape labeled "Mi Familia" that depicted Reyes engaging in sexual intercourse with his daughter and compelling her to perform oral sex on him. A treating physician confirmed that Reyes' daughter bore physical signs of having engaged in sexual intercourse. The State charged Reyes with rape of a child, a first degree felony, sodomy on a child, a first degree felony, and sexual exploitation of a minor, a second degree felony. Because the videotape alone supported all three charges, Reyes' trial counsel advised him to plead guilty to one charge to avoid the possibility of consecutive sentencing on multiple convictions. Reyes pled guilty.

¶ 3 At the sentencing hearing, Reyes' counsel, James M. Park, stated that he had gone over the presentence report with Reyes several hours earlier and had allowed him to ask all questions that he had.[1] The presen-

---

1. Park stated that he had reviewed a letter from the victim's therapist and given that letter to Reyes. According to the therapist's report, the near-daily routine of molestation involved rape, sodomy, death threats with a gun or knife, and the recruitment of other children to participate in sexual activity. The therapist opined that Reyes had

tence report contained horrific descriptions of the abuse Reyes had perpetrated on his daughter. Reyes confirmed that he had discussed the report with Park and had been given the opportunity to ask questions. Park asked the court to consider giving Reyes one year of incarceration, followed by deportation. Park also disputed the allegation that the abuse had been perpetuated during a period of five years. Park admitted, however, that the videotape demonstrated guilt of the charge to which Reyes pled. He also conceded that Reyes could not meet the burden of showing eligibility for probation under section 76–5–406.5 of the Utah Code.

¶ 4 Park argued that Reyes should receive the lowest available minimum mandatory sentence of six years based on a lack of any prior serious crimes.[2] Park nonetheless conceded that "the aggravating [factors,] they would be there, a lot of them would apply." The State argued that multiple aggravating factors were present and asked the court to impose a sentence of fifteen years to life.

¶ 5 The court found multiple aggravating factors, including repeated instances of abuse of a particularly vulnerable victim and extensive traumatization of the victim. The court also found that the crimes had been committed in an extremely cruel and depraved manner, that Reyes had denied responsibility for his conduct, and that he had shown a lack of amenability to treatment and rehabilitation. The court sentenced Reyes to a period of fifteen years to life in prison.

¶ 6 Reyes' appellate counsel, Floyd W. Holm, determined that the issues Reyes desired to raise on appeal were meritless and submitted an *Anders*[3] brief. Holm complied with *State v. Clayton*, 639 P.2d 168, 170 (Utah 1981), by sending a copy of the brief to Reyes and notifying him that he was entitled to raise issues on his own. Holm also moved to withdraw as counsel.

¶ 7 Reyes informed this court that he wished to raise issues concerning ineffective assistance of both his appointed trial counsel and his appointed appellate counsel. Pursuant to rule 23B of the Utah Rules of Appellate Procedure, this court remanded the case to the district court to make findings concerning trial counsel's alleged ineffectiveness.

¶ 8 The district court appointed new counsel, Dale W. Sessions, to represent Reyes for the purpose of the rule 23B hearing. Reyes presented numerous allegations of trial counsel ineffectiveness. The trial court addressed sixteen distinct points presented by Reyes. In summary, those allegations consisted primarily of assertions that his counsel had (1) misinformed him of possible sentencing consequences, (2) failed to adequately assess and communicate the options relating to accepting the State's plea offer, (3) failed to correct false or inaccurate information in the presentence report or communicate correct information to the trial court, and (4) failed to adequately investigate the case or consult with Reyes. The court took evidence and then entered findings of fact and conclusions of law.

¶ 9 The court found Reyes' allegations of ineffective assistance of trial counsel to be without merit. Specifically, it found that Reyes was aware that he would be sentenced to prison unless he was eligible for probation under the relevant statutory standard. *See* Utah Code Ann. § 76–5–406.5. It also found that Reyes' trial counsel had adequately and thoroughly explained the possible sentencing outcomes and that, although counsel explained that he was willing to argue for probation, a minimum mandatory of either six, ten, or fifteen years was likely. The court rejected the balance of Reyes' factual allegations relating to ineffectiveness or found that they were immaterial to the out-

---

systematically defiled and psychologically subjugated his own daughter. The resulting trauma is so vast, even with intensive psychotherapy, it is unlikely she will ever be able to sustain healthy, reciprocal relationships.... Recently [the victim] told me that she wishes [Reyes] would [fulfill his threats] and kill her now, because the anticipation is unbearable.

2. Park noted three misdemeanor charges listed in the presentence report. He also stated that Reyes had admitted to a recent public intoxication charge not contained in the presentence report. The State asserted, based on testimony elicited from Reyes' wife, that Reyes had a more extensive criminal history.

3. *See Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

come. Sessions was substituted as counsel on appeal, and he wrote a letter to this court opining that Reyes had no basis for appeal. Sessions stated that he had been appointed for the limited purpose of serving as Reyes' counsel for the rule 23B remand hearing. He concurred in the *Anders* brief submitted by Holm and moved to withdraw.

¶ 10 On November 7, 2000, this court informed Reyes that he had thirty days within which to file a supplemental appellate brief detailing his claims on appeal. Reyes has not filed an appellate brief. Hence, the only matters available for review on direct appeal are those issues presented in Reyes' docketing statement and the findings entered pursuant to the rule 23B temporary remand.

¶ 11 In his docketing statement, Reyes raises the following issues: (1) whether the trial court abused its discretion in sentencing Reyes to a period of fifteen years to life; and (2) whether the sentence imposed constituted cruel and unusual punishment. With respect to the first issue, our review of the record indicates the district court possessed an ample basis for imposing the sentence it did. The *Anders* brief filed in this case correctly asserts that Reyes' argument on this issue is meritless.

¶ 12 With respect to the second issue, there is no basis for arguing, let alone holding, that Reyes' sentence constituted cruel and unusual punishment. *See State v. Herrera*, 1999 UT 64, ¶¶ 31–33, 993 P.2d 854. The crime to which Reyes pled guilty, rape of a child, is one of the most heinous offenses in the criminal code. Moreover, the evidence presented at sentencing indicated that Reyes had accomplished his crime in a particularly depraved manner. In this light, neither the fifteen-year minimum sentence nor the potential life sentence " 'shock[s] the moral sense.' " *Id.* (quoting *State v. Gardner*, 947 P.2d 630, 633 (Utah 1997)). Our review supports the *Anders* brief on this issue as well.

¶ 13 With respect to the issues of ineffectiveness of counsel examined in the rule 23B hearing, defendant had the burden of showing that counsel's representation fell below an objective standard of reasonableness. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Defendant also has the burden of showing that but for counsel's errors, a more favorable result would have been obtained. *See id.; State v. Arguelles*, 921 P.2d 439, 441 (Utah 1996). The court's findings on temporary remand demonstrate that Reyes failed to meet these burdens with respect to his allegations of trial counsel's ineffectiveness. As for Reyes' allegations of ineffectiveness of appellate counsel, he has failed to articulate how appellate counsel's *Anders* brief has prejudiced him. Our independent review of the record supports the *Anders* brief, and Reyes has not demonstrated that appellate counsel's alleged ineffectiveness deprived him of the ability to raise meritorious arguments on appeal.

¶ 14 The imposed sentence is affirmed. Mr. Sessions' pending motion to withdraw is granted.