State of Utah, In the Interest of D.C. and L.C., persons under eighteen years of age.

L.C., Appellant,

v.

STATE of Utah, Appellee.

State of Utah, In the Interest of M.P., C.P., and H.P., persons under eighteen years of age.

J.P., Appellant,

v.

STATE of Utah, Appellee.

Nos. 971511–CA, 971500–CA.

Court of Appeals of Utah.

July 23, 1998.

John E. Laherty, Salt Lake City, for Appellant.

Jan Graham, Annina M. Mitchell, and Todd A. Utzinger, Salt Lake City, for Appellee.

Martha Pierce, Salt Lake City, Guardian Ad Litem, for No. 971511–CA.

Sam N. Pappas, Salt Lake City, for Appellant.

Jan Graham, Annina M. Mitchell, and Todd A. Utzinger, Salt Lake City, for Appellee.

Martha Pierce, Salt Lake City, Guardian Ad Litem.

Before WILKINS, Associate P.J., and BENCH and GREENWOOD, JJ.

## OPINION

WILKINS, Associate Presiding Judge:

In each of these parental rights termination cases, the appellant's counsel has filed a brief similar to an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Although we generally handle these types of matters by minute orders, we have chosen to publish this opinion to guide members of the Bar in representing indigent appellants in parental rights termination cases. *See State v. Clayton*, 639 P.2d 168, 169 (Utah 1981).

In the past, *Anders* briefs have been limited to criminal cases. Therefore, we first examine whether an *Anders*-type brief may be filed in a civil appeal from an order terminating the appellant's parental rights.

In *Anders*, the United States Supreme Court addressed the responsibilities of appointed counsel who has concluded that an indigent client's criminal appeal is frivolous. Recognizing the need to safeguard both a criminal defendant's constitutional right to counsel and the appointed counsel's obligation not to bring frivolous claims before a court, *see Anders*, 386 U.S. at 744–45, 87 S.Ct. at 1400, the Court set forth a procedure appointed counsel must follow in such cases, *see id.* at 744, 87 S.Ct. at 1400.

In *Clayton*, the Utah Supreme Court recognized that *Anders* binds Utah courts and bar members "as an expression of the governing federal constitutional law," and adopted *Anders* "as an expression of the requirements of due process of law under Article I, § 7 of our Constitution." *Clayton*, 639 P.2d at 170. The Utah Supreme Court then added to and clarified the required procedure outlined in *Anders*. *See id.*

The cases before us differ from *Anders* cases because appeals from orders terminating parental rights are civil rather than criminal. Despite this difference, the cases before us and *Anders* cases have many similarities. Like indigent criminal appellants, indigent appellants challenging an order terminating their parental rights enjoy a right to counsel on appeal. *See, e.g.,* Utah Code Ann. § 78–3a–513(1)(a) (1996)[1] (providing that "the parents, guardian, custodian, and the minor," have right to counsel at "*every stage of the proceedings*," and, if indigent, shall be appointed counsel (emphasis added)).

In addition, the difference in the nature of the case, i.e., civil rather than criminal, makes no difference in the duties court-appointed counsel owes his or her client. From counsel's perspective, counsel's duty to com-

---

1. This section has been recodified at Utah Code Ann. § 78–3a–913(1)(a) (Supp.1997).

petently and diligently represent the client is exactly the same in a civil appeal from an order terminating parental rights as in an appeal from a criminal conviction. *See, e.g.,* Utah R. Prof. Conduct 1.1 (requiring competent representation); *id.* 1.3 (requiring diligent and prompt representation). Moreover, in both criminal and termination of parental rights cases, counsel may conclude, after thoroughly and conscientiously examining the case, that a case lacks any nonfrivolous issues for appeal. Despite the civil or criminal nature of the appeal, counsel in such a situation faces the same dilemma of having to diligently represent the indigent client who wants to appeal while still complying with counsel's other ethical duties as a member of the Bar. *See, e.g., id.* 3.1 (prohibiting frivolous claims); *id.* 3.3 (requiring candor toward tribunal). For these reasons, we hold that when appointed counsel represents an indigent client in a termination of parental rights appeal and concludes no nonfrivolous issues exist for appeal, counsel may file an *Anders*-type brief. We next examine the requirements counsel must follow in such a situation.

The *Anders* requirements, as adopted in *Clayton* and subsequent Utah cases, strike a balance between the need to protect a criminal defendant's right to counsel on appeal and the need to insulate defense counsel from possible ethical violations arising from the pursuit of a frivolous appeal. These requirements are numerous and demanding, and we now adopt them as the requirements that counsel must follow when submitting an *Anders*-type brief in a termination of parental rights case. To be absolutely clear, we now summarize those requirements, while referring to *Anders, Clayton,* and other significant Utah criminal cases, in terms of counsel's duties in a termination of parental rights appeal.

2. The right to counsel on appeal can only be realized if counsel is an active advocate on his or her client's behalf, as opposed to only acting in the capacity of amicus curiae. *Cf. Anders,* 386 U.S. at 744, 87 S.Ct. at 1400. Furthermore, submitting a letter stating counsel's belief that the appeal has no merit does not adequately protect the client's right to counsel on appeal. *See id.* Instead, "[c]ounsel should, and can with honor and without conflict, be of more assistance

▮▮ The parents, guardian, custodian, and the minor have a right to counsel in termination of parental rights cases. *See, e.g.* Utah Code Ann. § 78–3a–513(1)(a).[2] Counsel's role as advocate requires that counsel support his or her client's appeal to the best of counsel's ability. *See Anders,* 386 U.S. at 744, 87 S.Ct. at 1400; *State ex rel. E.H. v. A.H.,* 880 P.2d 11, 13 (Utah Ct.App. 1994) (holding that statutory right to counsel in termination of parental rights cases grants appellant right to effective assistance of counsel). However, if, after a conscientious examination, counsel determines that the appeal is wholly frivolous, counsel should so advise the court and request permission to withdraw. *See Anders,* 386 U.S. at 744, 87 S.Ct. at 1400.

▮▮ Counsel's request to withdraw must be accompanied by a brief that both refers to anything in the record that might arguably support the appeal, *see id.,* and that objectively demonstrates that the issues are wholly frivolous, *see State v. Flores,* 855 P.2d 258, 260 (Utah Ct.App.1993).[3] "It is not enough to list issues and case citations; the argument must be sufficiently articulated to justify the conclusion that counsel has truly sought to present meritorious issues but cannot." *Dunn v. Cook,* 791 P.2d 873, 877 (Utah 1990) (plurality opinion). An *Anders*-type brief filed in a termination of parental rights case

> is in one sense an abbreviated form of a regular brief, but it is different from a regular brief in that it must demonstrate that the potentially meritorious issues are frivolous. At the same time, counsel must retain an adversarial stance by showing that the record has been searched and the law researched with the good faith intent of advancing the [appellant's] interest. That is not to say, however, that counsel may exceed the boundaries of ethical rep-

to his or her client and to the court." *Anders,* 386 U.S. at 744, 87 S.Ct. at 1400.

3. "Although ... counsel might think that an issue is frivolous, [counsel must] objectively demonstrate that the issue is frivolous." *Dunn v. Cook,* 791 P.2d 873, 878 (Utah 1990) (plurality opinion).

resentation. Counsel must continue to identify with the [appellant's] position, until it is truly clear that the issues are frivolous.

*Dunn,* 791 P.2d at 877.[4]

■ Counsel's brief must analyze the issues and give appropriate record and legal citations. *See id.* at 878. "A complete brief on the merits is usually unnecessary." *Id.* "[H]owever, this court must be assured that an issue is *not just meritless,* but that counsel has engaged in sufficient analysis of the record and case law to be secure in the belief that the issues are *frivolous."* [5] *See id.* (emphasis added).

■ Finally,

counsel's brief must contain a statement of the facts, a description of the proceedings, and the citation of pertinent authorities sufficient to permit the [reviewing court] to [fully examine all the proceedings to decide whether the case is wholly frivolous]. For that same reason, unless a transcript of proceedings has been certified as part of the record, the brief must be accompanied by a stipulation describing the trial pro-

ceedings pertinent to each alleged error or by other reliable representation thereof. *Clayton,* 639 P.2d at 170.

■ Before filing an *Anders*-type brief with this court, counsel must give the client both a copy of the brief and enough time to allow the client to raise any points that the client chooses. *See Anders,* 386 U.S. at 744, 87 S.Ct. at 1400. Counsel must certify in the brief that he or she has met this requirement. *See Clayton,* 639 P.2d at 170. Counsel's brief must then incorporate, "in as full detail as appropriate, any points the [client] has raised with counsel," *id.,* and any issues the client has raised in a pro se brief, *see Dunn,* 791 P.2d at 878. Counsel must certify in the brief that he or she has met this requirement. *See id.*

■ Counsel must strictly meet these demanding requirements in filing an *Anders*-type brief in a termination of parental rights case. If counsel's brief does not comply with these requirements, we will strike it and order counsel to file a new brief before we thoroughly examine the record to evaluate the merits of counsel's arguments. *See Flores,* 855 P.2d at 260. Because of the special nature of this type of brief, the attor-

4. Counsel must take care not to abandon counsel's role as an advocate. As the Eighth Circuit stated in *Robinson v. Black:*

Counsel did not act as an advocate for Robinson when he briefed all issues in favor of the government and concluded Robinson's claims were meritless. Robinson had a right to expect counsel to brief and argue his case to the best of counsel's ability, showing the most favorable side of defendant's arguments. Counsel changed the adversarial process into an inquisitorial one by joining the forces of the state and working against his client.

*Dunn,* 791 P.2d at 877 (quoting *Robinson v. Black,* 812 F.2d 1084, 1086–87 (8th Cir.1987)).

5. [A] frivolous appeal ... is one that is not grounded in fact, not warranted by existing law, or not based on a good faith argument to extend, modify, or reverse existing law. An appeal ... interposed for the purpose of delay is one interposed for any improper purpose such as to harass, cause needless increase in the cost of litigation, or gain time that will benefit only the party filing the appeal....
Utah R.App. P. 33(b); *see also Hunt v. Hurst,* 785 P.2d 414, 416 (Utah 1990) (describing frivolous appeal as " 'one in which no justiciable question has been presented and appeal is readily recog-

nizable as devoid of merit in that there is little prospect that it can ever succeed' " (quoting *Black's Law Dictionary* 601 (5th ed.1979))); *Riche v. Riche,* 784 P.2d 465, 470 (Utah Ct.App. 1989) (defining frivolous appeal as "one without reasonable legal or factual basis" as defined in Utah R.App. P. 40(a)); *Maughan v. Maughan,* 770 P.2d 156, 162 (Utah Ct.App.1989) (defining frivolous appeal as "one without reasonable legal or factual basis"). The comment to Rule 3.1 of the Utah Rules of Professional Conduct also explains when an action is frivolous. That comment states, in relevant part:

The filing of an action or defense or similar action taken for a client is not frivolous merely because the facts have not first been fully substantiated or because the lawyer expects to develop vital evidence only by discovery. Such action is not frivolous even though the lawyer believes that the client's position ultimately will not prevail. The action is frivolous, however, if the client desires to have the action taken primarily for the purpose of harassing or maliciously injuring a person or if the lawyer is unable either to make a good faith argument on the merits of the action taken or to support the action taken by a good faith argument for an *extension, modification or reversal* of existing law.

ney general would not be expected to file a responsive brief, although he or she may choose to do so. *See Clayton,* 639 P.2d at 170.

After the brief is filed, the court—not counsel—first fully examines the record of all the proceedings and then decides whether the case is wholly frivolous. *See Anders,* 386 U.S. at 744, 87 S.Ct. at 1400. If the court is unanimous in deciding that the case is frivolous, it will affirm the trial court's order terminating the parental rights and grant counsel's request to withdraw. *See Clayton,* 639 P.2d at 170; *cf. Anders,* 386 U.S. at 744, 87 S.Ct. at 1400. "Otherwise, the appeal must be pursued on the merits. To that end, the [c]ourt will either direct the moving counsel to submit a brief on the merits, or grant counsel leave to withdraw and appoint other counsel to pursue the appeal," whichever is "appropriate in the circumstances of the individual case." *Clayton,* 639 P.2d at 170; *see also Anders,* 386 U.S. at 744, 87 S.Ct. at 1400 ("On the other hand, if [the court] finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal").

We recognize that the requirements we have just outlined do not ensure a flawless system of resolving the potential conflict counsel faces in effectively fulfilling his or her duties to both the client and the court. However, every method will have imperfections, and this is the best way the courts, including the United States Supreme Court, have resolved the conflict that appointed counsel, who has concluded no nonfrivolous issues exist for appeal, faces when representing an indigent client who wants to exercise his or her right to appeal.

Now that we have outlined the requirements that counsel must meet in filing an *Anders*-type brief in a parental rights termination case, we examine the two cases before us. In doing so, we note that meeting the requirements of a proper *Anders* brief, and of an *Anders*-type brief as authorized by this opinion, will often be more difficult for counsel to do than simply pursuing the appeal. However, in cases requiring *Anders*-type briefs, counsel must follow the requirements outlined in this opinion if counsel is to meet his or her ethical obligations.

## I. *L.C. v. State*

In *L.C. v. State,* No. 971511, after the juvenile court terminated appellant L.C.'s parental rights, counsel filed a notice of appeal. Subsequently, counsel, who had been appointed to represent L.C. on appeal, filed with this court a motion to withdraw based upon his belief that no nonfrivolous issue for appeal exists in this case. Counsel filed an *Anders*-type brief with his motion to withdraw.

Counsel's brief contains a statement of the facts, a description of the proceedings, and relevant citations to the record. The trial proceedings were transcribed and forwarded with the record on appeal. Counsel raises two possible appealable issues, with suitable citations to the record. In addition, counsel has affirmatively stated and has tried to objectively demonstrate that the issues raised are wholly frivolous.

However, counsel's brief does not formally certify that he gave L.C. the brief in time to review and respond to it before counsel filed his brief with this court. Instead, counsel gave this court two other indications that he gave L.C. a copy of his brief. First, counsel filed with this court a copy of a letter purportedly sent by him to L.C. The letter states that counsel is sending L.C. a copy of the brief to review and that L.C. has thirty days to review the brief and raise any additional points with this court. However, counsel did not send L.C. a copy of the brief and the letter *before* he filed his brief with this court. Further, the letter filed by counsel was not a part of counsel's brief, nor was it a certification by counsel. Instead, what was filed with this court was simply a copy of a letter. Counsel should have sent L.C. a copy of the brief with the explanatory letter, giving L.C. sufficient time to raise any additional points, *before* counsel filed his brief with this court. Counsel should have then certified in his brief that counsel had followed this procedure.

Another way it appears counsel tried to meet the certification requirement was through the certificate of mailing. The certificate of mailing in counsel's brief certifies that counsel mailed L.C. a copy of the brief. However, this certification, although important in this type of case, does not meet counsel's certification requirement. Counsel must certify to us in counsel's brief that he or she not only mailed the proposed brief to appellant, but also that counsel provided appellant with enough time to allow appellant to ask counsel to raise additional points in the brief before counsel filed the brief with this court. Without this certification, we cannot know whether counsel fulfilled this requirement.

Because counsel did not comply exactly with the requirements we set forth today, we do not examine the substance of counsel's brief to determine whether any nonfrivolous issues exist for appeal.[6] Instead, we strike counsel's brief and order counsel to file with this court a new brief that strictly complies with all the requirements set forth in this opinion, including the certification requirement.[7]

## II. *J.P. v. State*

We next examine *J.P. v. State*, No. 971500. In this parental rights termination case, counsel's brief contains a statement of the facts, a description of the proceedings, and citations to the record and pertinent authorities to allow us to fully review all the proceedings. The relevant proceedings were transcribed and forwarded with the record on appeal. In addition, counsel has raised two arguments on behalf of appellant J.P. and has sought to meet his duty to represent J.P. on appeal.

However, because counsel failed to follow several of the requirements we have outlined above, we also must strike this brief. First, counsel did not file a motion to withdraw with this court. Counsel only filed his brief, in which counsel cites to *Anders* after stating that counsel has concluded there is no legitimate factual basis for J.P.'s argument. This is not enough. In addition to the *Anders*-type brief, counsel must file with the appellate court a motion to withdraw in which counsel advises the court that counsel has determined the case is wholly frivolous and requests permission to withdraw.

Second, counsel, after presenting J.P.'s argument, has not objectively demonstrated that the issues raised are wholly frivolous. In the first part of his brief, counsel states that he has concluded there is no legitimate factual basis for the argument on appeal. This statement does not meet counsel's burden. Counsel must, after presenting each issue for appeal, objectively demonstrate that the issue is wholly frivolous.

Finally, as in the *L.C.* case, J.P.'s counsel has not certified in his brief that he gave J.P. a copy of the brief and sufficient time to raise any additional points before filing the brief with this court. As with the *L.C.* case, the certificate of service in counsel's brief certifies that a copy of the brief was mailed to J.P. However, as we explained above, that type of certification does not fulfill the requirement to certify that the client was given a copy of the brief and sufficient time to raise any additional points before counsel filed his brief with this court.

Because counsel did not comply with all the requirements for filing an *Anders*-type brief, we follow the same procedure we did in the *L.C.* case. We do not reach the substance of counsel's argument. Instead, we strike counsel's brief and order counsel to submit a motion to withdraw along with a new brief that fully complies with the requirements we have set forth in this opinion.[8]

In closing, we note that when counsel strictly follows the procedure we have out-

---

6. We note that counsel's discussion of the two issues raised in his brief is not supported by any legal authority. On remand, counsel should re-examine his arguments to ensure that this lack of citation is appropriate.

7. Accordingly, we deny the State's motion for summary affirmance. We also further defer rul-

ing on L.C.'s motion for appointment of counsel until L.C.'s current counsel complies with these requirements and until we have considered his new brief.

8. Accordingly, we deny the Guardian Ad Litem's motion for summary affirmance.

lined in this opinion, counsel fulfills his or her role as an advocate. Although clients in criminal proceedings and termination of parental rights cases enjoy a right to counsel on appeal, they do not have a right to pursue frivolous appeals. Counsel have a duty to safeguard their clients' right to appeal by providing diligent and competent representation, but counsel also have a duty to comply with their ethical obligations as officers of the court. If strictly complied with, the procedure outlined in this opinion allows counsel to fulfill both duties when counsel concludes they conflict. As the United States Supreme Court explained in *Anders:*

> This requirement would not force appointed counsel to brief his [or her] case against his [or her] client but would merely afford the latter that advocacy which a nonindigent defendant is able to obtain. It would also induce the court to pursue all the more vigorously its own review because of the ready references not only to the record, but also to the legal authorities as furnished it by counsel.... Moreover, such handling would tend to protect counsel from the constantly increasing charge that he [or she] was ineffective and had not handled the case with that diligence to which an indigent defendant is entitled. This procedure will assure penniless defendants the same rights and opportunities on appeal—as nearly as is practicable—as are enjoyed by those persons who are in a similar situation but who are able to afford the retention of private counsel.

*Anders,* 386 U.S. at 745, 87 S.Ct. at 1400.

Counsels' briefs are stricken. Counsel for L.C. is ordered to file a new brief that complies with the requirements set forth in this opinion. Counsel for J.P. is ordered to file a motion to withdraw and a new brief that complies with the requirements set forth in this opinion.

BENCH and GREENWOOD, JJ., concur.