2006 UT 68.
State of Utah, in the interest of B.A.P., and A.S.P., persons under eighteen years of age.
C.P. and A.P., Petitioners,
v.
State of Utah, Respondent.
State of Utah, in the interest of T.L. and A.L., persons under eighteen years of age.
J.L., Petitioner,
v.
State of Utah,
Nos. 20050892, 20051035
Supreme Court of Utah.
November 7, 2006.
This opinion is subject to revision before final publication in the Pacific Reporter.
Mark L. Shurtleff, Att'y Gen., Carol L.C. Verdoia, John M. Peterson, Asst Att'ys Gen., Salt Lake City, for respondent.
William L. Schultz, Moab, for petitioners.
Connie L. Mower, Martha Peirce, Salt Lake City, for amicus guardian ad litem.
WILKINS, Associate Chief Justice:
¶1 On appeal to the Utah Court of Appeals, Petitioners in these two cases challenged the termination of their parental rights. Acting pursuant to recently adopted rules of appellate procedure, the court of appeals affirmed the termination orders in both cases based exclusively on a review of the records and the petitions on appeal. On certiorari, Petitioners now argue that the expedited procedures outlined in the appellate rules, and applied by the court of appeals, denied them their constitutional right to a meaningful appeal by precluding full presentation of legal argument to the appellate court. Because these two cases present identical legal issues, we address them both together in this single opinion. We now reject Petitioners' constitutional challenges to the new appellate rules and affirm the decisions of the court of appeals.

BACKGROUND
¶2 Both of these cases involve appeals from the termination of the parental rights of the Petitioners. In the first case, C.P. and A.P., the natural parents of two minor children, had their parental rights terminated by court order on March 25, 2005. The parents have a history of domestic violence, extramarital relationships, and unstable employment and housing. In addition, the mother has a history of drug abuse and attempted suicide, and the father has been incarcerated several times. The juvenile court found that the behavior of both parents endangered the emotional and physical welfare of their children and that the parents' rights should be terminated based on unfitness, incompetence, neglect, failure to remedy the circumstances for the children's removal, and failure of parental adjustment.
¶3 In the second case, J.L., the natural father of two minor children, was convicted of aggravated assault and attempted murder for domestic violence against the children's mother. He was subsequently sentenced to one 0-to-5-year term and one 1-to-15-year term, to be served consecutively. In view of his violence and incarceration, the State filed a petition to terminate his parental rights. On July 7, 2005, the juvenile court entered a termination order based on his extended incarceration, history of violent behavior, and general unfitness and neglect.
¶4 The parents in each case timely appealed the termination order to the Utah Court of Appeals, challenging, among other things, the sufficiency of the evidence. Pursuant to rule 55 of the Utah Rules of Appellate Procedure, the parents then filed a Petition on Appeal, which, similar to a docketing statement, sets forth the facts, issues, and legal authorities relevant to the appeal. In each case, the court of appeals, acting pursuant to rule 58, affirmed the juvenile court's termination order after reviewing the record and the petition on appeal, but without ordering full briefing.
¶5 The parents now argue that the rules of appellate procedure, which prescribe an expedited procedure in child welfare appeals, denied them their constitutional right to a meaningful appeal by precluding adequate presentation of legal arguments to the appellate court. We granted certiorari in these cases to determine (1) whether the appellate rules governing appeals in child welfare proceedings are facially unconstitutional, in that they deny appellants the right to a meaningful appeal by precluding full presentation of legal argument and analysis; and (2) whether the court of appeals applied these rules in a manner that deprived Petitioners of their right to a meaningful appeal.

ANALYSIS
¶6 On certiorari, we review the decision of the court of appeals, not that of the trial court. Brown v. Glover, 2000 UT 89, ¶ 15, 16 P.3d 540. Constitutional challenges to the validity of rules of appellate procedure are questions of law reviewed for correctness. Id.
¶7 The Utah Constitution guarantees a right to appeal. Utah Const. art. VIII, § 5. Although the federal constitution includes no such right, the United States Supreme Court has stated that when a state provides such a right, due process demands that it be provided fairly and equally. See Smith v. Robbins, 528 U.S. 259, 270 & n.5 (2000). In addition, we have held that to satisfy this right, an appeal must be meaningful. See, e.g., State v. Rees, 2005 UT 69, ¶¶ 17-18, 125 P.3d 874. Petitioners in these cases argue that the recently adopted rules of appellate procedure, which prescribe expedited procedures in child welfare appeals, effectively denied them their constitutional right to a meaningful appeal. We begin by briefly explaining the salient features of the new rules, which should clarify the issues in these cases.
¶8 In 2004, this court adopted rules 52 to 59 of the Utah Rules of Appellate Procedure in an effort to expedite child welfare proceedings. Under the new rules, appellantsin this case, parents seeking to overturn the termination of their parental rights-must file a notice of appeal within fifteen days of the termination order, Utah R. App. P. 52(a), and have fifteen days from that time to file the petition on appeal, id. R. 55(a). Extensions are limited to ten days. Id. R. 59. Appellants must also order transcripts within four days after filing the notice of appeal. Id. R. 54(a). Because of these abbreviated time frames, transcripts of the trial proceedings typically are not available to counsel by the time the petition on appeal is due.
¶9 Under the new rules, an appellant files a petition on appeal, which is substantially equivalent to a docketing statement. The petition on appeal must be prepared by trial counsel, id. R. 55(b), and is limited to fifteen pages, id. R. 55(c). According to rule 55, the petition on appeal must include, among other things, (1) a "statement of the nature of the case and the relief sought"; (2) a "concise statement of the material adjudicated facts"; (3) a "statement of the legal issues presented for appeal," which must set forth "specific legal questions," not "[g]eneral, conclusory statements"; and (4) "supporting statutes, case law, and other legal authority for each issue raised." Id. R. 55(d). Any response to the petition on appeal from an appellee is voluntary but must be filed within fifteen days and is also limited to fifteen pages. Id. R. 56.
¶10 Finally, under rule 58, the court of appeals, "after reviewing the petition on appeal, any response, and the record,. . . may issue a decision or may set the case for full. briefing." Id. R. 58. In both of the cases before us, the court of appeals chose to render a decision based solely on the petition on appeal and the record without ordering full briefing.
¶11 Petitioners preface their challenge to the validity of these rules by arguing that the right to a meaningful appeal necessarily includes the opportunity to present legal arguments to the appellate court. Petitioners then argue that the new rules effectively deny them that opportunity. They claim that several features of the rules, taken together, prevent an appellant from adequately presenting an argument. We find that assertion, however, to be unavailing.
¶12 Petitioners first point out that rule 55, which outlines what the petition on appeal must include, makes no provision for an "argument" section. However, rule 55 in no way forbids the inclusion of an argument, and in fact, as Utah courts have interpreted that rule, it requires one. In the case of In re J.E., another parental rights termination case, the Utah Court of Appeals held that a petition that raised only "broad, conclusory, and ambiguous, rather than specific and exact," issues and that contained "no legal authority or legal analysis" was "noncompliant with rule 55(d)(6)." 2005 UT App 382, ¶ 18 & n.9, 122 P.3d 679 (emphasis added). Because rule 58 makes clear that the court of appeals may render a decision based on the petition without full briefing, counsel would be remiss to omit arguments from that petition, albeit argument in specific, exact, and concise form.
¶13 Petitioners nevertheless contend that although the rules do not expressly forbid the inclusion of an argument in the petition on appeal, the restrictive page limits, combined with the list of items that must be included in the petition, leave too little space to develop an argument. However, they were unable, when asked at oral argument, to offer any suggestion of how to determine what number of pages would be necessary to vindicate their right to a meaningful appeal. If an appellant finds fifteen pages to be inadequate, then wisdom dictates use of some of those pages to persuade the court of appeals that full briefing is needed. Otherwise, the page limit is just a matter of convenience and uniformity; it has nothing to do with limiting the scope of the appeal.
¶14 Petitioners next argue that the condensed time frames prescribed in the rules allow insufficient time to review the record and transcript and that the typical unavailability of transcripts by the filing deadline makes it difficult to formulate a legal argument. The rules recognize and mitigate this problem, however, by requiring that the attorney who acted as counsel at trial also prepare the petition, presumably ensuring that counsel will be "familiar with the legal file, trial exhibits, trial testimony, and court rulings relevant to the appeal." J.E., 2005 UT App 382, ¶ 16. In addition, as Petitioners' counsel acknowledged at oral argument, audio recordings of trial proceedings in juvenile court are available almost immediately at nominal cost. Counsel may easily use these recordings to refresh their recollection and to review the course of the trial proceedings.
¶15 It is the prerogative and obligation of this court to set time limits for appellate proceedings.[1] Counsel for Petitioners candidly admitted at oral argument that, given fifteen days to file a petition, he would get it filed within the fifteen days, and that if he were given sixty days to file, he would probably start to work on it around day fifty. We are not persuaded that a fifteen-day limit provides inadequate time to file a petition.
¶16 Finally, Petitioners assert that the court of appeals applied the rules in an unconstitutional manner. They base this contention on the notion that deciding a case on its merits without an unfettered presentation of legal argument is equivalent to refusing to fully hear the case. We have made clear, however, that an appellate court may properly render a decision in the absence of full presentation of arguments without offending the appellant's constitutional right to a meaningful appeal.
¶17 In State v. Clayton, 639 P.2d 168 (Utah 1981), we adopted the procedures outlined in Anders v. California, 386 U.S. 738, for criminal appeals. Under Anders, counsel who believes his client's claims on appeal to be wholly frivolous must state so to the court and request to withdraw, but must also present the court with the claims and anything in the record that arguably supports them. The court must then review the record and independently decide whether the case has any merit. The Utah Court of Appeals applied these procedures specifically to child welfare cases in In re D.C., 963 P.2d 761, 764 (Utah Ct. App. 1998), which that court later confirmed in light of the new appellate rules in In re J.E. We agree. In proper circumstances, a complete articulation of legal theories and analysis that litigants believe to be important to the case may actually have little impact on the decision dictated by law.
¶18 As in the cases before us here, an appellate court may decide a case on the merits with only a presentation of the issues along with an appropriate examination of the record. Furthermore, if an appellant in a termination case wishes to claim ineffective assistance of counsel, the petition on appeal may effectively become an Anders-type brief, asking the court of appeals to appoint new counsel and order a full briefing on the claims under rule 58.
¶19 We recognize that the appeal process is rarely perfect for the appellants. In any given case, if counsel is neglectful or incompetent and if the party fails to recognize that fact in time to correct it, their situation is even less satisfying. Such problems, when they exist, may be exacerbated by the expedited time frames, page limits, and other features of these rules. However, as a constitutional matter, and as a matter of rule interpretation, these rules do nothing to preclude either a presentation of appropriate legal arguments or a meaningful appeal.

CONCLUSION
¶20 We find Petitioners' challenges to the constitutionality of the rules governing child welfare appeals to be unpersuasive. While we acknowledge that the expedited procedures outlined in the rules impose certain burdens on appellants to meet shorter deadlines and page limits, those restrictions are consistent with the policy of providing children and parents with swifter resolution and permanency in their family relations. There is nothing in the rules that precludes an appellant from presenting cogent, concise legal arguments to an appellate court or that precludes a meaningful appeal. We thus affirm the decisions of the court of appeals.
¶21 Chief Justice Durham, Justice Durrant, Justice Parrish, and Justice Nehring concur in Associate Chief Justice Wilkins' opinion.
NOTES
[1] "The Supreme Court shall adopt rules of procedure . . . and shall by rule manage the appellate process." Utah Const. art. VIII, § 4.