**2013 UT App 126**

# THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF K.K. AND K.K.,
PERSONS UNDER EIGHTEEN YEARS OF AGE.

R.W.K.,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Decision
No. 20120868-CA
Filed May 16, 2013

Fourth District Juvenile, American Fork Department
The Honorable Scott N. Johansen
No. 142957

Scott E. Williams, Attorney for Appellant
John E. Swallow and John M. Peterson, Attorneys
for Appellee
Martha Pierce, Guardian ad Litem

Before JUDGES ORME, DAVIS, AND MCHUGH.

PER CURIAM:

¶1    R.W.K. (Father) appeals the September 27, 2012 order terminating his parental rights. We affirm.

¶2    Father asserts that there was insufficient evidence to support the juvenile court's determination that there were adequate grounds to terminate his parental rights under Utah Code section 78-6-507 given his recent efforts to cure the issues which caused

K.K. and K.K. (children) to be in an out of home placement. In order to overturn the juvenile court's decision as to the sufficiency of the evidence, "[t]he result must be against the clear weight of the evidence or leave the appellate court with a firm and definite conviction that a mistake has been made." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435. The juvenile court is in the best position to weigh conflicting testimony, to assess credibility, and from such determinations, render findings of fact. *See In re L.M.*, 2001 UT App 314, ¶¶ 10-12, 37 P.3d 1188. We "review the juvenile court's factual findings based upon the clearly erroneous standard." *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous only when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *See id.* Furthermore, we give the juvenile court a "'wide latitude of discretion as to the judgments arrived at' based upon not only the court's opportunity to judge credibility firsthand, but also based on the juvenile court judges' 'special training, experience and interest in this field.'" *Id.* Finally, "[w]hen a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12.

¶3    The juvenile court determined that there were several grounds supporting the termination of Father's parental rights. Pursuant to Utah Code section 78A-6-507, the finding of a single ground for the termination of parental rights enumerated in section 78A-6-507 is sufficient to warrant the termination of parental rights. *See* Utah Code Ann. § 78A-6-507(1) (LexisNexis 2012). As a result, if there is sufficient evidence to support any one of the grounds for termination found by the juvenile court, the termination of Father's parental rights is appropriate. *See id.*

¶4    There is sufficient evidence to support the juvenile court's determination that Father neglected his children. Father has an extensive history of substance abuse. Although Father asserts that he made substantial efforts to cure the issues which led to the

children's out of home placement, a parent's claim of present parental fitness must be considered in light of the parent's past conduct. *See In re B.R.*, 2007 UT 82, ¶ 14. Recent rehabilitative efforts may not overcome a lengthy history of substance abuse and neglect of a child. *See id.* The juvenile court determined that Father neglected his children by reason of his excessive use of intoxicating liquors, controlled substances, or dangerous drugs which rendered him unable to care for his children. *See* Utah Code Ann. § 78A-6-508(2). The juvenile court determined that Father's substance abuse spanned significant portions of the children's lives and that such abuse substantially harmed the children. The juvenile court determined that although Father recently made progress with his substance abuse, he continues to relapse when he is under stress and he does not accept responsibility for it. The record supports the juvenile court's determination that Father neglected his children, thereby justifying the termination of his parental rights. *See id.* § 78A-6-507(1)(b).[1]

¶5      Father next asserts that rules 55 and 58 of the Utah Rules of Appellate Procedure unconstitutionally deny his right to a meaningful appeal by permitting appellate review absent full briefing. The Utah Supreme Court has resolved this issue and determined that an appellate court may constitutionally render a decision on the merits with only a presentation of the issues along with an appellate court's independent examination of the record. *See In re B.A.P.*, 2006 UT 68, ¶ 20, 148 P.3d 934.

---

1. If there are sufficient grounds to terminate parental rights, in order to actually do so, "the court must [next] find that the best interests and welfare of the child are served by terminating the parents' parental rights." *In re R.A.J.*, 1999 UT App 329, ¶ 7, 991 P.2d 1118. Although Father does not assert that the juvenile court erred by concluding that it was in the children's best interest to terminate his parental rights, we note that the record also fully supports the juvenile court's determination that it was in the children's best interest to terminate Father's parental rights.

¶6     This court has reviewed the petition on appeal and the record. The record supports the juvenile court's determination to terminate Father's parental rights. Accordingly, we affirm the juvenile court's order terminating Father's parental rights.

———————