This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                              **No. 35,305**

**JOHN M. FLORES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Drew D. Tatum, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

{1}     Defendant appeals from the district court's judgment and sentence, convicting him for abuse of a child by endangerment, fourth offense DWI, and driving while

license suspended or revoked. Unpersuaded that Defendant demonstrated reversible error, we issued a notice of proposed summary disposition, proposing to affirm. Defendant responded to our notice with a memorandum in opposition and a motion to amend the docketing statement to add two issues. We issued a second notice of proposed summary disposition, granting the motion to add the first issue, denying the motion to add the second issue, and proposing to affirm. Defendant has responded to our second notice with a second memorandum in opposition. We have duly considered Defendant's second memorandum and remain unpersuaded to reverse or to transfer or certify this case for Supreme Court review. We affirm.

{2} To avoid the unnecessary duplication of efforts, we do not reiterate the proposed analysis contained in either of our notices and respond only to those arguments made in Defendant's second memorandum in opposition.

{3} Defendant continues to argue that although the submitted jury instructions conform to the newly adopted uniform jury instruction for child abuse by reckless endangerment, UJI 11-612 NMRA, the instruction incorrectly defined the *mens rea* that the Supreme Court recently announced in *State v. Consaul*, 2014-NMSC-030, ¶ 37, 332 P.3d 850. [2nd MIO 1-2] Defendant takes issue with our characterization of the alleged error as a partial definitional omission. [2nd MIO 1-2] He argues that by substituting an objective "law-abiding person" test for an assessment of the

defendant's mental state, the instruction wrote the required *mens rea* out of the crime. [2nd MIO 1-2] Defendant also opposes our view that the precise degree of Defendant's reckless or conscious disregard of a substantial risk of harm was not placed in dispute by the evidence. [2nd MIO 2-3]

{4}     Most importantly, Defendant does not dispute our proposed holding that regardless of whether we were to find UJI 11-612 somewhat deficient in its definition of recklessness, we were not persuaded that we could provide any remedy because the Supreme Court has ruled on its newly adopted UJI in a challenge made in an actual case. *See State v. Wilson*, 1994-NMSC-009, ¶ 6, 116 N.M. 793, 867 P.2d 1175 (holding that this Court can review the validity of uniform jury instructions and is precluded only from overruling instructions that our Supreme Court has considered in actual cases). We observed that in *State v. Montoya*, 2015-NMSC-010, ¶ 32, 345 P.3d 1056, the Supreme Court addressed the newly adopted UJI for reckless child abuse under *Consaul* and used language suggesting that its newly adopted UJI "clearly define[s] reckless . . . conduct" within the meaning and intention of *Consaul*. In the absence of any argument opposing this proposed holding, we presume that Defendant agrees that we are constrained from acting on his challenge to the instruction. Regardless, we remain persuaded that there is Supreme Court precedent "that specifically addresses the validity of  [the Uniform Jury Instruction, such that] the

Court of Appeals may not overrule that precedent nor alter or reject that instruction." *Wilson*, 1994-NMSC-009, ¶ 5. Thus, we do not address any further Defendant's argument that UJI 11-612 misstates the *mens rea* for child abuse. We also decline the invitation to transfer or certify this case to the Supreme Court based on our continued reservations that Defendant requests an advisory opinion on an unpreserved issue, because the level of Defendant's consciousness was not an element actually taken away from the jury under the facts. As always, Defendant can raise his arguments in the Supreme Court by petition for writ of certiorari.

{5}     As for the remaining challenge to the sufficiency of the evidence, Defendant relies on the facts, arguments, and authorities set forth in his first memorandum in opposition. [MIO 4-5] *See State v. Franklin*, 1967-NMSC-151, ¶ 9, 78 N.M. 127, 428 P.2d 982; *State v. Boyer*, 1985-NMCA-029, ¶ 24, 103 N.M. 655, 712 P.2d 1. [MIO 5] Defendant's first memorandum in opposition to our first notice did not, however, provide us with any new factual or legal argument supporting his theory that he was not the driver and was not unlawfully impaired than the arguments presented in the docketing statement. We reject Defendant's sufficiency challenge for the same reasons stated in our first and second notices.

{6}     Lastly, we note that Defendant's second memorandum in opposition lists the second issue that he sought to add in his motion to amend the docketing statement.

[2nd MIO 4] We denied the motion to amend to add that issue for the reasons stated in our second notice. We do not address the matter further.

{7}    Based on the foregoing, we affirm Defendant's convictions and direct him to the Rules of Appellate Procedure to seek review of the jury instruction with the Supreme Court.

{8}    **IT IS SO ORDERED.**


_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**


_____
**TIMOTHY L. GARCIA, Judge**


_____
**STEPHEN G. FRENCH, Judge**

5