# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2016
_____

United States of America

*Plaintiff - Appellee*

v.

John Bell

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: May 28, 2019
Filed: June 7, 2019
[Unpublished]

_____

Before BENTON, STRAS, and KOBES, Circuit Judges.

_____

PER CURIAM.

John Edwin Bell appeals the sentence the district court[1] imposed after he pled guilty to conspiring to distribute methamphetamine. Having jurisdiction under 28 U.S.C. § 1291, this court dismisses the appeal.

---

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

In a brief filed under *Anders v. California*, 386 U.S. 738 (1967), counsel presents Bell's views that his trial counsel was ineffective, and that Bell was entitled to a sentencing credit in his below-Guidelines sentence. Counsel has also moved for leave to withdraw.

This court concludes the appeal waiver in Bell's plea agreement is valid, applicable, and enforceable, and he is not entitled to a sentencing credit. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review of validity and applicability of appeal waiver); *United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into plea agreement and waiver, and enforcing waiver would not result in miscarriage of justice). This court declines to consider any claims for ineffective assistance of counsel on direct appeal. *See United States v. Hernandez*, 281 F.3d 746, 749 (8th Cir. 2002) (generally, ineffective-assistance claim is not cognizable on direct appeal). Having independently reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), this court finds no nonfrivolous issues for appeal outside the scope of the appeal waiver.

The appeal is dismissed. Counsel's motion to withdraw is granted.

STRAS, Circuit Judge, dissenting.

We should hold counsel to the requirements of *Anders v. California*, 386 U.S. 738 (1967). We have been clear that "*Anders* briefing must be done as an *advocate*," *Evans v. Clarke*, 868 F.2d 267, 268 (8th Cir. 1989) (internal quotation marks and citation omitted), not as a way of highlighting the arguments that the *government* would make, *Smith v. United States*, 384 F.2d 649, 650 (8th Cir. 1967). Yet throughout the abbreviated five-page "argument" section in the brief, counsel devotes more space to arguing against his client's interests than in favor of them. *See Robinson v. Black*, 812 F.2d 1084, 1086 (8th Cir. 1987) (explaining that counsel may not "brief[] all issues in favor of the government"). This, as we have said before, is

not the way to write an *Anders* brief. *See id.* (stating that an *Anders* brief must "show[] the most favorable side of the defendant's arguments"); *see also Penson v. Ohio*, 488 U.S. 75, 82 (1988) (explaining why a deficient *Anders* brief is problematic). Accordingly, before I would even consider this case, I would first have counsel comply with *Anders*.

_____